AH PING and YOUNG CHING, Plaintiffs in Error, vs. THE PROVISIONAL GOVERNMENT OF THE HA- WAIIAN ISLANDS, Defendant in Error.

PROVISIONAL GOVERNMENT OF THE HAWAIIAN ISLANDS vs. TAM SING.

HEARING, SEPTEMBER 21, 1893. DECISION, OCTOBER 13, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Section 68 of the Act to Reorganize the Judiciary Department, approved November 25th, 1892 (Chapter LVII. Laws of 1892), does not allow the trial of a defendant in a criminal case, on appeal, by the Circuit Court, or Circuit Judge in vacation, the jury being waived.

OPINION OF THE COURT, BY JUDD, C.J.

Both of the above entitled causes raise the question whether Section 68 of the Act to Reorganize the Judiciary Department authorizes the jury to be waived in a criminal case, on appeal to the Circuit Court from a District Court, and allows the same to be heard by the Circuit Court or by a Judge thereof in vacation by agreement of parties.

In the first case the plaintiffs in error were convicted and sentenced in a District Court of Kauai (Fifth Circuit) of the offense of carrying on a lottery on the 5th April, 1893, and appealed to the Circuit Court of the Fifth Circuit, and waived trial by jury, and by consent of the parties the case was heard by the Circuit Judge in vacation on the 21st July, the next regular term of the Circuit Court not occurring till September. The Circuit Judge convicted and sentenced the plaintiffs in error.

In the second case, the defendant was convicted and sentenced on the 18th July, 1893, in the District Court of

Honolulu, for the offense of heedless driving, and appealed to the Circuit Court, First Circuit, in Chambers (jury waived). At the August term of the Circuit Court, the defendant offered, with the consent of the prosecution, to waive trial by jury, and moved the Court to hear the cause without a jury, and the First Judge of the Circuit Court, First Circuit, reserved the following questions :

(1.) Can, under the existing laws, an appeal be taken in a criminal case from the judgment of an inferior court to the Circuit Court sitting without a jury ?

(2.) Has the Circuit Court, sitting without a jury, jurisdiction to try a criminal cause on appeal from an inferior court, trial by jury having been waived by agreement, with consent of the Court?

Section 68 under consideration allows "appeals from all decisions of district magistrates in all matters civil and criminal to the Circuit Court of the same Circuit, whenever the party appealing shall file notice of his appeal within five days and shall pay the costs accrued within ten days." Thus far these provisions of filing notice and paying costs apply equally to all cases, civil or criminal. Then follows the provision, "if it is a civil cause" a $100 bond for costs to accrue shall be filed. Thus far the civil case on appeal would go to the Circuit Court, which means, without doubt, the Circuit Court of the same circuit whence the appeal came, at its next statutory term, and if nothing more was expressed in the law, the case would be triable by the Circuit Judge presiding with a jury. Then follows the proviso : "Provided, however, that if in his notice of appeal he signifies his desire to waive a jury he shall only be required to deposit as surety for further costs a bond in the sum of twenty dollars, or money to the same amount." This allows the appellant to waive a jury, and if he does so his bond for further costs instead of being for $100 is to be for only $20. The sentence ends here. This clause allowing a waiver of jury does not refer to a criminal case, for the previous clause prescribes a bond of $100 for further costs in a civil case

which is to be tried by a jury, and the next clause the waiver of a jury, and in such case the bond is to be but for $20. As no bond for costs is required in a criminal case, and as the $100 bond is specifically for a civil case with a jury, it follows that the $20 bond is for a civil case without a jury.

The next sentence of this section goes on to prescribe; "And in such case" (meaning, as we think, in the circumstance of the jury being waived by the appellant), "if it is a civil case, if the appellee desires a jury (notwithstanding that the appellant has waived) he may have one by moving for it and depositing a bond for costs in the sum of $100." It was unnecessary to insert the words in this paragraph "if it be a civil case." The context shows that all these provisions apply to civil cases only. A further matter is provided for which allows, where the appellant waives the jury and the appellee does not move for it, the cause to be tried without a jury, that is, by the Circuit Court in term, or by agreement of parties by the Circuit Judge in vacation. This is also only applicable to civil cases. There are, as we have seen, three methods of disposing of a civil case on appeal.

1st.  Trial by a jury in the Circuit Court, (a) when the appellant does not waive the jury and (b) when the appellee moves for it. In both of these instances the party wishing the jury has to file a bond of $100 for costs

2d.  Trial without a jury by the Court in term, when the appellant waives the jury and the appellee does not move for it.

3d.  Trial by the Circuit Judge without a jury, neither party desiring the jury, in vacation by agreement of both appellant and appellee. The rest of the section applies to matters after the trial and need not be discussed here.

Considering again the first part of the section—we observe that there was no occasion to recite specially that in a criminal case no bond for accruing costs should be required. The statute undertakes to state the steps necessary for the appellant to take, in order to get his case up on appeal, and when the statute says that in case the cause is a civil one a

bond for $100 shall be required whenever it is tried by a jury on appeal, and that the bond shall be for only $20 when the services of a jury are not used, the manifest intention of the legislature was not only that no bond for costs should be required of a defendant in a criminal case on appeal, but that the jury could not be waived by him. It would be absurd and contradictory to say that a defendant in a criminal charge is to file no bond for costs on appeal, and then to say that if he waives a jury his bond shall be only $20 and $100 if he has a jury.

We hold, therefore, that the statute does not authorize a defendant in a criminal case to waive trial by jury on appeal, and neither the Circuit Court nor the Circuit Judge in vacation by agreement of parties has jurisdiction to try such a cause without a jury.

This construction of the statute compels us to hold in the first of the cases before us, that the trial of Ah Ping and Young Ching by the Circuit Judge of the Fifth Circuit was not authorized by law, and that they should be discharged from the conviction and sentence therein made. In the second case we observe that the defendant, Tam Sing, noticed an appeal to the " Circuit Court, First Circuit, in Chambers," but the district magistrate certified it to "the Circuit Court, First Circuit (jury waived.)" And the Circuit Judge sitting at the August Term reserved the question whether the case was triable without a jury. We find that as the appeal was taken to the Circuit Court to be tried without a jury, and as this part of the appeal has been found to be nugatory, it may be regarded as surplusage, and therefore the cause should go to the Circuit Court, First Circuit, for a trial by jury at the next term.

*A. S. Hartwell*, for plaintiffs in error, Ah Ping et al.

*P. Neumann*, for defendant, Tam Sing.

*Attorney-General W. O. Smith*, for Government.