STATE OF HAWAII *v.* CLARENCE N. S. SHAK.

Nos. 4804, 4805, 4806, 4808 & 4823.

MARCH 6, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE HAWKINS FOR KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendant-appellant Clarence Shak, hereinafter called defendant, was convicted of four violations of traffic laws[1] in the District Court of Honolulu. On appeal to the First Circuit Court for trial *de novo,* he was again convicted, this time after his demand for a jury trial had been refused by the circuit court. The maximum possible penalty for each violation was a $200 fine and revocation or suspension of the operator's license of the violator,[2] along with possible assessment of traffic penalty points pursuant to HRS § 286-128. Defendant was fined $85 and his license was suspended for ten days, except as necessary for his work. He was assessed three traffic penalty points.

Defendant appeals to this court. He contends first that his demand for a jury trial in the circuit court should

---

[1] Honolulu Traffic Code, sec. 15-6.4(3a) for failing to bring his vehicle to a complete stop at a red light; sec. 15-6.4(3a)(1) for making a prohibited right turn on a red light without having brought his vehicle to a complete stop; sec. 15-8.4 for making an illegal U-turn and sec. 15-12.1 for disregarding a stop sign (1964).

[2] Honolulu Traffic Code, secs. 15-25.10, 15-25.11 (1964), as amended 1968.

have been granted, and second, that the ordinances he is charged with violating were beyond the police power of the state, and therefore unconstitutional and void. His second contention is wholly without merit. The legislature is clearly empowered to provide for regulation of this type of subject matter and it properly delegated the regulation to the municipality.

As to defendant's first contention, we hold that defendant was not entitled to a jury trial, although we do feel that discussion is warranted.

We consider as possible bases for a right to trial by jury in this case the Constitution of the United States, the Constitution of the State of Hawaii, the Hawaii Revised Statutes, and the inherent rights of persons accused of crime at common law.

As defendant and amicus curiae correctly recognize, the determinative question in ascertaining whether there is a constitutional right to a jury trial in a given case is whether the offense charged is a "petty" one or a "serious" one. Neither defendant nor amicus curiae contends that the offenses with which defendant is charged are serious, and they could not successfully do so, given the United States Supreme Court's interpretation of that term. This is the crux of the case.

Under the Federal Constitution, the United States Supreme Court has held that two criteria are relevant in determining whether an offense is petty or serious. The first is whether the offense is by its nature serious. If so, the size of the penalty that may be imposed is only of minor relevance, and the right of trial by jury attaches. See *Callan* v. *Wilson*, 127 U.S. 540 (1888). If the offense is not by its nature serious, however, the magnitude of the potential penalty set for its punishment becomes important, since it is an indication of the ethical judgments and standards of the community. *District of Columbia* v. *Colts*,

282 U.S. 63 (1930). In *Duncan* v. *Louisiana,* 391 U.S. 145 (1968), the Supreme Court held that a maximum potential penalty of two years' imprisonment made the charged offense a serious one. In *Cheff* v. *Schnackenberg,* 384 U.S. 373 (1966), where defendant was sentenced to six months' imprisonment for criminal contempt, the Supreme Court held that there was no constitutional right of jury trial. The Court also noted with approval the definition of "petty offense" set out in 18 U.S.C. § 1, where offenses punishable by six months' imprisonment or less are deemed petty, although there will be some exceptions to that classification for offenses that are by their very nature serious. In the present case, however, no imprisonment can be meted out for punishment, and the offenses themselves are of a petty nature. This makes them petty under either criterion for purposes of constitutional definition.

The Hawaiian counterpart of the 6th amendment to the United States Constitution is Art. I, Sec. 11 of our State Constitution. It is modeled on the 6th amendment, and we have said that in interpreting it we will look to the federal case law on the subject as a guide, pursuant to the expressed intent of the draftsmen of our constitution. *State* v. *Wong,* 47 Haw. 361, 385, 389 P.2d 439 (1964). This alone would be enough, in our view, to support a finding that the offenses here are petty ones under our constitution, but two of our own past decisions merit attention.

In *Territory* v. *Taketa,* 27 Haw. 844 (1924), we held that the offense of teaching without a certificate, in violation of a state statute forbidding the same and providing a maximum penalty of a $25 fine for violations, did not come within the constitutional provisions for jury trial because it was a petty offense. We said that a district magistrate could therefore exercise jurisdiction over the case without a jury, subject of course to appeal. We cited

other authorities to the effect that summary trial is constitutionally unobjectionable in prosecution of petty offenses.

*Ex Parte Higashi*, 17 Haw. 428 (1906), indicated that where the potential penalty for assisting in maintaining a lottery was one year's imprisonment, the defendant was entitled to a jury trial because the size of the penalty made the offense a serious one, although in that case defendant waived his right to a jury by not demanding a jury in the first instance and by failing to appeal and demand one. *Higashi* also comments that, although because of the penalty the offense charged in that case was a serious one, minor offenses such as violations of municipal ordinances are generally considered petty, and therefore are not generally protected by the constitutional right of jury trial.

Under the United States and Hawaii Constitutions, it is clear that defendant is not entitled to a jury trial, since the offense with which he is charged is constitutionally petty. This is dispositive of defendant's claim to jury trial, since we reject his other contentions. However, since defendant placed great reliance on those other contentions, we feel that some discussion of our reasons for rejecting them is appropriate.

Defendant and amicus curiae argue that even where the Constitution does not require jury trial, summary jurisdiction cannot be exercised except where legislatively authorized. This contention is based on their reading of the history of the common law. Their conclusion, however, is by no means compelled by the authorities they have cited; and even if it were a correct statement of the law, the State of Hawaii in fact has such an authorizing statute, and it was applied in this case.

It may be true, as defendant argues, that at common law summary jurisdiction was generally exercised pur-

suant to a statute; but this does not mean that it may never be exercised *without* such a statute. Furthermore, this argument fails to recognize an important difference between the governmental structure of common-law England and the governmental structure of the United States. In England, there was no written constitution, so the courts looked to statutes for guidance when questions arose. Parliament had a far broader statutory power than have American legislatures. As pointed out by Professor Plucknett in his *Concise History of the Common Law,*[3] cited by amicus curiae, Parliament at one time passed a statute providing for summary jurisdiction in all non-felony cases. Since extremely heavy penalties were often visited upon relatively minor offenders in common-law England, that statute would have been repugnant to our Constitution in many instances; but in England it pre-vailed, since the ultimate authority was Parliament, not the Constitution.

In contrast, American legislatures must adhere to the provisions of a written constitution. Whether a particular procedure is within the judicial power is a different question for us than it was for common-law courts. Our ultimate authority is the Constitution; and the courts, not the legislature, are the ultimate interpreters of the Constitution.

It is instructive to consider the United States Supreme Court's treatment of the right to jury trial in contempt cases. Acting in accordance with its footnote in *United States* v. *Barnett,* 376 U.S. 681, 695, n. 12 (1964), that Court in *Cheff* v. *Schnackenberg,* 384 U.S. 373, 379 (1966) said that

> . . . we are constrained to view the proceedings here as equivalent to a procedure to prosecute a petty of-fense, which under our decisions does not require a jury trial.

---

[3] Pp. 438-9 (5th ed.)

The Court held that where the sentence for a criminal contempt was six months' imprisonment, no jury trial was required; but that if a sentence of more than six months were imposed, a defendant would have a right to jury trial. There was no statutory authorization in that case for the trial judge to try the defendant without a jury; but nevertheless the Supreme Court held that the defendant could be tried without a jury where the offense was "petty" rather than "serious", based on the length of the term of imprisonment involved.

The United States Supreme Court therefore had the power to determine which contempt proceedings were petty and which were serious, without a statutory provision on the subject, and this court is equally able to draw the same sort of constitutional line for criminal proceedings generally. In the *Cheff* case, Justices Black and Douglas raised the issue of statutory authorization in their dissent. But their view was rejected by the majority of the Court there, and we reject it here.

Furthermore, legislative authorization for summary jurisdiction is present in this case. The legislature has empowered the district and circuit courts to try criminal cases within their respective jurisdictions without juries. In district court, trial is to be without jury unless the defendant demands a jury and has the right to one in the first instance. HRS §§ 604-8, 604-9. In circuit court, if trial by jury is required, trial will be by jury. Rule 23, H.R.Cr.P. But if the defendant waives jury with the consent of the court, or, by negative implication from Rule 23, where jury trial is *not* required, the court may try the case without a jury. *See,* in addition to Rule 23, HRS § 711-61. These statutes and rules clearly provide for the exercise of summary jurisdiction.

As amicus curiae points out, at the turn of the century there was some judicial concern over the lack of such

statutes. *See Schick* v. *United States,* 195 U.S. 65, 72-73ff. (1904) (dissenting opinion of Mr. Justice Harlan). Harlan's major concern in that case was that, as he saw it, the Constitution *required* trial by jury where there was no statutory authorization for summary procedure, even if defendant *wanted* to waive jury trial. Harlan viewed the problem as an essentially jurisdictional one; he said the courts simply had no power to try a criminal case without a jury. The same was held to be true in Hawaii in 1893, in the case of *Ah Ping* v. *Provisional Government,* 9 Haw. 284 (1893); but that question has since been resolved by statute and rule. HRS § 711-61 has made it clear, as does Rule 23 of the H.R.Cr.P., that a defendant may waive jury trial in any case, with consent of the court; there is no jurisdictional obstacle to summary disposition of criminal cases in Hawaii.

Defendant further argues that *Ex Parte Higashi,* 17 Haw. 428 (1906) supports his position that specific statutory authority is required for a summary trial in this case. But the *Higashi* court, though apparently agreeing with Mr. Justice Harlan that an authorizing statute was necessary, said that in Hawaii, there *was* such a statute at that time, R.L.H. 1905 § 1664. This same statute is still in existence as HRS § 604-8. Therefore, the *Higashi* requirement is satisfied here, since HRS § 604-11 brings violations of municipal ordinances within the jurisdiction of district magistrates in the City and County of Honolulu.

Finally, defendant contends that he is entitled to demand jury trial at the time of his appeal for a trial *de novo* in the circuit court, pursuant to HRS § 641-1. Defendant points out that the *Higashi* case, at p. 442, contemplates jury demands on appeal, even after a defendant has submitted to the jurisdiction of the magistrate under HRS §§ 604-8 and 604-9 by failing to demand a jury in the first instance.

It is true that *Higashi* contemplates that *some* cases tried *de novo* in the circuit court on appeal from a conviction before a district magistrate will be tried by juries. But on appeal, as in the first instance, defendants' rights to jury trials are to be determined according to whether the charged offenses are serious or petty under the Constitution. HRS § 641-1 does not confer a right to jury trial over and above that guaranteed in the Constitution. It merely provides the procedure whereby a jury must be demanded, if at all, on appeal.

As a matter of statutory interpretation, we have in fact held that § 641-1 makes no reference whatsoever to demands for jury trials in criminal appeals. Its only reference to demands for jury trials is in a clause that requires the deposit of additional costs when a jury is demanded; and this is a clause that is included in a reference to civil appeals:

> . . . if it is a civil cause, [he] shall deposit the costs for appeal as provided in chapter 607; provided, that if in his notice of appeal he signifies his desire for, and demands, a trial by jury, [he shall be required to deposit further costs on appeal].

*Ah Ping* v. *Provisional Government,* 9 Haw. 284 (1893).[4] No other jury references in the section can reasonably be construed to refer to criminal appeals. Furthermore, Rule 23, H.R.Cr.P. is applicable on such appeals; and it merely provides for jury trial where *required,* as we have already seen.

We hold that the "right" of HRS §§ 604-8 and 604-9 and the "requirement" of Rule 23, H.R.Cr.P. refer to the constitutional guarantee of jury trial in "serious" criminal cases, in the absence of a specific statutory right to a jury. This means that the scope of the right remains the same,

---

[4] Decided under the predecessor statute to HRS § 641-1; but the wording is virtually identical.

no matter at what stage of the proceedings it is raised. If defendant has a right to jury trial, he may demand a jury when brought before the magistrate, pursuant to HRS § 604-8, or he may submit to the jurisdiction of the magistrate and appeal any conviction to the circuit court for a trial *de novo,* demanding his jury trial at that stage. But if defendant has no constitutional right to a jury trial, he does not obtain one merely by virtue of an appeal from a conviction in district court.

If a magistrate has determined an offense to be petty and has therefore refused a defendant's demand for a jury and has exercised jurisdiction, the circuit court on an appeal is not bound by the decision of the magistrate with respect to the defendant's right to jury trial. If the defendant demands a jury on appeal, the circuit court can and should make an independent determination as to whether defendant is entitled to a jury trial under the United States Constitution and the Constitution of the State of Hawaii.

The circuit court in this case was correct in finding that the defendant was not entitled to a jury trial. Defendant's other contention being unavailing, the convictions are affirmed.

*Clarence Shak,* defendant-appellant in person.

*John Campbell, Jr.,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney with him on the brief), for plaintiff-appellee.

*American Civil Liberties Union of Hawaii* (*Richard P. Schulze, Jr.* and *Edward R. Bendet* on the brief), amicus curiae.

---

DISSENTING OPINION OF LEVINSON, J.,
WITH WHOM MARUMOTO, J., JOINS.

I dissent.

I would hold that a specific statutory grant of summary jurisdiction (trial without a jury) to the courts is

constitutionally required for a petty offense to be tried without a jury. In the present cases there has been no legislative withdrawal of the right to a jury trial, and consequently the defendant's convictions should be reversed because he has a constitutional right to a trial by his peers, not a judge sitting in their place.

Analysis must begin with the words of the sixth amendment to the Constitution of the United States and article I, section 11 of the Hawaii Constitution, both of which state that: "In *all* criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ." (emphasis added). While it would appear that the words "all" criminal prosecutions mean just that, the United States Supreme Court has held that "all" criminal prosecutions refer only to "serious" criminal prosecutions and not those it deems to be "petty". *Duncan* v. *Louisiana*, 391 U.S. 145, 157-58, 159-60 (1968); *District of Columbia* v. *Clawans*, 300 U.S. 617 (1937).[1]

In justifying an interpretation of the sixth amendment which is in conflict with its plain language, the United States Supreme Court relied upon English and American practice at the time of the adoption of the Bill of Rights to determine the original understanding the constitutional fathers had in mind. Accordingly, this court is constitutionally required to look to the historical development of the use of summary jurisdiction at common law in deciding

---

[1] The division between petty and serious crimes appears difficult to articulate using any principled test. Indeed, the Court in *Duncan* conceded the boundaries to be "ill-defined, if not ambulatory." 391 U.S. at 160. Further, it is not clear to me how a court can characterize as "petty" those crimes involving deprivation of liberty if the competing interest is that of speedy and efficient administration of justice. See Frankfurter & Corcoran, *Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury*, 39 Harv. L. Rev. 917, 927 (1926) where the authors state that it was the desire for a speedy and efficient remedy which underlay the decision to grant summary jurisdiction. Recent studies indicate that it is very doubtful whether the gain in speed and efficiency is as great as might have been initially thought. See Kalven & Zeisel, *The American Jury* 18-19 n.2 (1966).

if those charged with "petty" crimes have a right to a jury trial. Since it is but another derogation from the plain language of the sixth amendment that the accused shall enjoy the right to a jury trial in *all* criminal prosecutions, such a deviation must be very soundly based in historical practice. In my judgment the decision of the majority in the present cases does not live up to the constitutional standards laid down by the United States Supreme Court.

After careful study I find that history does not support the denial of a jury trial unless such a denial is legislatively sanctioned in very specific terms. My primary reliance is laid on the learned and widely cited article by Felix Frankfurter and Thomas G. Corcoran published in the Harvard Law Review in 1926.[2] In that article the authors made it quite clear that historically "[t]here was a specific withdrawal from trial by jury of specific offenses in specific statutes, *rather than a general formula for summary procedure.*" (emphasis added). Frankfurter & Corcoran, *supra* note 2, at 927, *see also id.* at 925-26. Other authorities also indicate that specific legislation was required. See T. Plucknett, *A Concise History of the Common Law* 438 (5th ed. 1956) ; 4 Blackstone, *Commentaries** 280.

Such clear historical practice indicates that in petty offenses the right to a jury trial is constitutionally required unless the legislature has decided to withdraw that right. It is inconsistent, to say the least, for this court to allow, on the one hand, the clear mandates of the state and federal constitutions that there is a right to a jury trial in *all* criminal prosecutions to be diluted by an historical understanding that "all" crimes do not include petty crimes; then in this case, to disregard that same

---

[2] Frankfurter & Corcoran, *Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury,* 39 Harv. L. Rev. 917 (1926).

history in determining which petty offenses do not merit jury trials.[3]

A logical and common sense approach to the problem likewise would dictate the rule I propound. Where the right to be judged by one's peers is to be denied, the approval of a body elected by the people is preferable to a decision by a single member of an appointed and independent judiciary. Although the state legislature has conferred jurisdiction upon district magistrates "to try all cases arising from the violation of any ordinances in force in the city and county," HRS § 604-11, it has not limited the defendant's right to demand a jury trial upon appeal to the circuit court under HRS § 641-1. Furthermore, a right so well grounded in the common law and fundamental to our American scheme of justice as the right to a jury trial must be dealt with expressly when it is to be altered or abridged.[4]

It follows from what has been said that only the state legislature may constitutionally grant summary powers to the judiciary for the traffic offenses allegedly violated. However, in spite of the fact there there has been no statutory withdrawal of the jury trial for the offenses under which the defendant was convicted, the majority

---

[3] Of course there may be exceptions where the crime is incident to the orderly administration of justice and peculiarly part of the judicial function, as in the case of the contempt power. But Hawaii has statutes specifically denying a jury trial in certain contempt proceedings while allowing a jury trial in others, thus complying with the rule that specific legislation is required for denying a jury trial. See HRS § 729-1.

[4] Whether the jury's function is to insure accuracy of fact-finding in order to protect the innocent from being found guilty, or to provide a mechanism by which the application of legal doctrine—the "harsh rule of law"—is brought into accord with contemporary community standards or both, is yet unclear. At any rate the jury is a fundamental part of the American system of justice which allows for a defendant's preference of "the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge." Duncan v. Louisiana, 391 U.S. 145, 156 (1968). See The Supreme Court 1967 Term, 82 Harv.L. Rev. 63, 165 (1968) ; Note, *Trial by Jury in Criminal Cases*, 69 Colum. L. Rev. 419 (1969) (considering the nullification function).

denies him his right to a jury trial. It does not suffice to give the statutes granting power and jurisdiction to the district magistrate and the circuit courts a strained and tortured construction in order to comply with the majority's version of what history requires. Since the statutes have not specifically withdrawn trial by jury for the traffic offenses of which the defendant was convicted, his convictions should be reversed and on retrial he should be entitled to a jury trial in the circuit court, unless he expressly waives it.