329 So.2d 296 (1976)
John David ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 47345.
Supreme Court of Florida.
March 17, 1976.
James A. Gardner, Public Defender, and Dennis J. Plews, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Davis G. Anderson, Jr., Asst. Atty. Gen., for appellee.
BOYD, Justice.
This cause is before us on direct appeal from the County Court of Manatee County where Appellant was charged by complaint with having operated a motor vehicle while having an unlawful blood alcohol level in violation of Section 316.028(3), Florida Statutes Annotated. Appellant filed a Motion to Dismiss with the trial court attacking *297 the constitutional validity of the statute. The trial court denied the Motion, thus passing on the statute's constitutionality. We have appellate jurisdiction under Article V, Section 3(b)(1), Florida Constitution.[1]
Section 316.028(3), Florida Statutes Annotated, provides:
"It is unlawful ... for any person with a blood alcohol level of 0.10 percent, or above, to drive or be in actual physical control of any vehicle within this state."
The constitutionality of the statute is attacked on two grounds: (1) that it is not reasonably related to the police power of the State of Florida, and (2) that it is vague and indefinite.
Appellant concedes that the prohibition of intoxicated drivers from Florida highways is an inherent police power. However, he argues that the challenged statute is not a reasonable means of achieving that end. Suffice it to say that we reject Appellant's argument because we consider the method of prohibition of intoxicated drivers contained in Section 316.028(3), Florida Statutes Annotated, to be a reasonable one.
Appellant alleges that the statute is vague and indefinite and so violative of due process in two ways. First, Appellant claims that consumers of alcoholic beverages are unable to determine how much alcohol they may consume before their alcohol blood level will make it unlawful for them to drive. An identical argument was made against a Utah statute, substantially similar to the challenged statute, in Greaves v. State, 528 P.2d 805 (Utah 1974). The Utah Supreme Court stated:
"We can see no reason why a person of ordinary intelligence would have any difficulty in understanding that if he has drunk anything containing alcohol, and particularly any substantial amount thereof, he should not attempt to drive or take control of a motor vehicle." (Id. at 808.)
The above language is the view of this Court and accordingly we reject Appellant's first argument of "vagueness."
Appellant's second "vagueness" argument is meritorious but the statute's defect is easily cured. Appellant correctly points out that the statute fails to state whether the prohibited percentage of alcohol in the driver's bloodstream is by weight or by volume. We recognize the scientific difference. To determine the legislative intent we turn our attention to Section 322.262(2)(c), Florida Statutes Annotated, which provides as follows:
"If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. Moreover, such person who has a blood alcohol level of 0.10 percent or above shall be guilty of driving, or being in actual physical control of, a motor vehicle, with an unlawful blood alcohol level." (Emphasis supplied)
Because the above statute and the challenged statute are in pari materia we construe them together and hold that the legislative intent is that the standard of weight be applied in the enforcement of the challenged statute.
Section 316.028(3), Florida Statutes Annotated, withstands each of Appellant's constitutional attacks. Accordingly, Appellant's *298 conviction and the judgment of the trial court is affirmed.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, ENGLAND and HATCHETT, JJ., concur.
SUNDBERG, J., concurs in result only.
NOTES
[1] Appellant was adjudged guilty of violating Section 316.028(3), Florida Statutes Annotated. He was sentenced to 90 days in the county jail; placed on probation for 2 years; and ordered to pay $152 into the Fine and Forfeiture Fund. His driver's license was suspended for 3 months.