PER CURIAM.
Appellant received a citation on March 30, 1975, for violating Section 316.028(3), Florida Statutes.* In an order dated October 9, 1975, the trial court granted a motion to dismiss on the ground that this statute was unconstitutionally vague and arbitrary and constituted a denial of due process of law.
On March 17, 1976, this Court filed its opinion in the case of Roberts v. State, 329 So.2d 296. The Court upheld the constitutionality of Section 316.028(3), Florida Statutes, against a challenge identical to the argument advanced by the appellee in the instant case, holding, inter alia, that the statute is a reasonable exercise by the Legislature of the police power of this State.
Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.

 “It is unlawful and punishable as provided in subsection (4) for any person with a blood alcohol level of 0.10 percent, or above, to drive or be in actual physical control of any vehicle within this state.”