STATE OF HAWAII, Plaintiff-Appellee, *v.* DANIEL R. O'BRIEN, Defendant-Appellant

NO. 9728

(CASE NO. T26: 6/16/83)

APRIL 16, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

492

OPINION OF THE COURT BY TANAKA, J.

Defendant Daniel R. O'Brien (Defendant) seeks to overturn his district court conviction of driving under the influence of intoxicating liquor (DUI) on constitutional grounds. He asserts that Hawaii Revised Statutes (HRS) § 291-4[1] is constitutionally infirm for

---

[1] When Defendant was charged with the offense, HRS § 291-4, as amended by Act 117, § 1, 1983 Haw. Sess. Laws 208, 208-09, read as follows:

§ 291-4 Driving under influence of intoxicating liquor. (a) A person commits the offense of driving under the influence of intoxicating liquor if:

  (1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor; or

  (2) The person operates or assumes actual physical control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood.

(b) A person committing the offense of driving under the influence of intoxicating liquor shall be sentenced as follows without possibility of probation or suspension of sentence:

  (1) For a first offense, or any offense not preceded within a five-year period by a conviction under this section, by:

    (A) A fourteen-hour minimum alcohol abuse rehabilitation program including education and counseling, or other comparable program deemed appropriate by the court; and

    (B) Ninety day prompt suspension of license with absolute prohibition from operating a motor vehicle during suspension of license; and

    (C) Any one or more of the following:

      (i) Seventy-two hours of community service work; or

      (ii) Not less than forty-eight hours of imprisonment; or

      (iii) A fine of not less than $150 but not more than $1,000.

vagueness and that he was deprived of his fundamental right to a trial by jury. We hold that Defendant was entitled to a jury trial and reverse.

On May 26, 1983, Defendant was issued a DUI citation. He refused to submit to a breath or blood test to determine the alcoholic content of his blood.[2] Prior to the commencement of trial on October 7, 1983, the district court denied Defendant's demand for a jury trial.

Upon conviction of the DUI offense,[3] Defendant was sentenced under HRS § 291-4(b)(2) because of a prior DUI conviction in 1980. He was fined $500 and his driver's license was suspended for a period of one year.

---

(2) For an offense which occurs within five years of a prior conviction under this section:
  (A) Prompt suspension of license for a period of one year; and
  (B) Any of the following:
    (i) Not less than ten days of community service work; or
    (ii) Not less than forty-eight consecutive hours of imprisonment; or
    (iii) A fine of not less than $500 but not more than $1,000.
(3) For an offense which occurs within five years of two prior convictions under this section, by:
  (A) A fine of not less than $500 but not more than $1,000;
  (B) Revocation of license for a period not less than one year but not more than five years; and
  (C) Not less than ten days but not more than one hundred-eighty days imprisonment.
(4) Notwithstanding any other law to the contrary, any conviction for driving under the influence of intoxicating liquor, shall be considered a prior conviction.
(c) Notwithstanding any other law to the contrary, whenever a court revokes a person's driver's license pursuant to the provisions of this section, the examiner of drivers shall not grant to such person an application for a new driver's license for such period as specified by the court.
(d) As used in this section the terms "driver," "driver's license," "examiner of drivers," and "vehicle" shall have the same meanings as provided in section 286-2.
HRS § 291-4 was amended by Act 193, § 1, 1984 Haw. Sess. Laws 381, 381-83.

[2] As required by the implied consent law, the arresting officer executed and filed an affidavit with the district judge pursuant to HRS § 286-155 (Supp. 1984). The implied consent hearing pursuant to HRS §§ 286-155 & -156 was held on October 7, 1983, and the district court dismissed the matter.

[3] Defendant was acquitted of a charge of harassment, HRS § 711-1106 (1976).

## I. VAGUENESS

### A. *HRS § 291-4(a)(2)*

Defendant contends that HRS § 291-4(a)(2) which provides that a DUI offense is committed if a "person operates . . . any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood," together with HRS § 291-5(a)[4] which makes such weight of alcohol in the person's blood within three hours of the alleged violation competent evidence in a criminal prosecution to prove the offense, is constitutionally defective for vagueness. We perceive his argument to be that HRS § 291-4(a)(2) fails to notify a potential violator of the condition it proscribes because such person cannot determine by his senses whether his blood-alcohol level is 0.09 per cent and legal or 0.10 per cent and illegal. We need not analyze and discuss this contention.

Since Defendant refused to submit to a breath and blood test and, consequently, was charged and convicted under HRS § 291-4(a)(1) for operating a vehicle "while under the influence of intoxicating liquor," he has no standing to constitutionally challenge HRS § 291-4(a)(2). The general rule is that "a party does not have standing to challenge an ordinance or statute on the ground that it may be applied unconstitutionally to others not before the court." *State v. Bloss,* 64 Haw. 148, 151, n.6, 637 P.2d 1117, 1121, n.6 (1981). Defendant does not fall within the limited exceptions to this rule "where important First Amendment rights are being asserted or where individuals not parties to a suit stand to lose by its outcome and yet have no effective avenue of preserving their rights themselves." *State v. Kaneakua,* 61 Haw. 136, 142-43, 597 P.2d 590, 594 (1979). *See also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982).

---

[4] When Defendant was charged, HRS § 291-5(a) read:

In any criminal prosecution for a violation of section 291-4, ten-hundredths per cent or more by weight of alcohol in the defendant's blood within three hours after the time of the alleged violation as shown by chemical analysis or other approved anal      al techniques of the defendant's blood or breath shall be competent evi      ce that the defendant was under the influence of intoxicating liquor at      time of the alleged violation.

Act 117, § 2, 1983 Haw. Sess. Laws 208,      .

Moreover, as indicated by well-reasoned decisions in other jurisdictions, Defendant's assertion of constitutional vagueness regarding HRS § 291-4(a)(2) would not prevail on the merits. *See Burg v. Municipal Court for Santa Clara Judicial District,* 35 Cal. 3d 257, 673 P.2d 732, 198 Cal. Rptr. 145 (1983), *cert. denied,* ____ U.S. ____, 104 S. Ct. 2337, 80 L. Ed. 2d 812 (1984); *Roberts v. State,* 329 So.2d 296 (Fla. 1976); *Greaves v. State,* 528 P.2d 805 (Utah 1974); *State v. Franco,* 96 Wash. 2d 816, 639 P.2d 1320 (1982).

### B. *HRS §§ 291-4(b)(1)(C)(ii) and -4(b)(2)(B)(ii)*

For a first DUI offense the convicted offender may be sentenced to "[n]ot less than forty-eight hours of imprisonment" under HRS § 291-4(b)(1)(C)(ii), and for an offense occurring within five years of a prior conviction the court may impose a sentence of "[n]ot less than forty-eight consecutive hours of imprisonment" under HRS § 291-4(b)(2)(B)(ii). Defendant claims that those statutory sanctions are unconstitutionally vague for they fail to inform the potential offender "what the maximum amount of jail time could be."[5] We disagree.

Initially, we note that no prison sentence was imposed on Defendant. Therefore, we hold that he has no standing to constitutionally challenge the imprisonment provisions of the statute. *See State v. Bloss, supra; State v. Kaneakua, supra; State v. Grahovac,* 52 Haw. 527, 480 P.2d 148 (1971). However, since the maximum possible prison term under HRS § 291-4(b) has a bearing on the right to jury trial issue, we will examine the imprisonment provisions challenged by Defendant.

Although "penal statutes are construed strictly, this rule may not be applied to defeat the legislative intent." *State v. Kanoa,* 67 Haw. 476, ____, 691 P.2d 1169, 1171 (1984). Moreover, if feasible, "statutes should be construed to preserve their constitutionality[.]" *State v. Raitz,* 63 Haw. 64, 73, 621 P.2d 352, 359 (1980) (quoting *Altman v. Hofferber,* 28 Cal. 3d 161, 175, 616 P.2d 836, 846, 167 Cal.

---

[5] Defendant also contends that HRS §§ 291-4(b)(1)(B) and -4(b)(2)(A) are constitutionally flawed since they do not specify "whether the suspension of the license is mandatory or discretionary." This contention merits no discussion for HRS § 291-4(b) reads the offender "shall be sentenced" and suspension is clearly mandatory.

Rptr. 854, 864 (1980)). The statutory language of a subsection should not be read in isolation. *State v. Raitz, supra.* Just as "[s]tatutory language must be read in the context of the entire statute and construed in a manner consistent with the purpose of the statute," *State v. Kaneakua, supra,* 61 Haw. at 140, 597 P.2d at 592, so too must the statutory language of a subsection be read in the context of the section as a whole and construed consistently with its scheme and purpose. *Cf. State v. Tengan,* 67 Haw. 451, 691 P.2d 365 (1984).

A reading of HRS § 291-4 in its entirety clearly discloses a statutory scheme to progressively increase the severity of the penalties for subsequent DUI convictions within a five-year period.[6] An offense occurring within five years of two prior convictions bears the harshest penalty. The first offense penalties are (1) alcohol abuse rehabilitation program, (2) 90-day suspension of license, and (3) 72 hours of community service work, "[n]ot less than forty-eight hours of imprisonment," or "[a] fine of not less than $150 but not more than $1,000." For the second offense, the penalties are (1) one year license suspension and (2) not less than 10 days of community service work, "[n]ot less than forty-eight consecutive hours of imprisonment," or "[a] fine of not less than $500 but not more than $1,000." For the third offense, the sentence shall be (1) "[a] fine of not less than $500 but no more than $1,000," (2) one to five-year license revocation, and (3) "[n]ot less than ten days but not more than one hundred-eighty days imprisonment."

For the third offense, HRS § 291-4(b)(3)(C) expressly provides that imprisonment cannot exceed "one hundred-eighty days." Since the legislative intent as expressed in the statutory scheme was to impose the harshest penalty on the third offense, *a fortiori,* the maximum imprisonment for the first and second offenses cannot exceed "one hundred-eighty days." The maximum fine of $1,000 expressly set for the first, second, and third offenses supports this analysis.

---

[6] Sen. Stand. Comm. Rep. No. 999, in 1983 Senate Journal, at 1477, states:

The purpose of this bill is to establish more effective sanctions for driving under the influence of intoxicating liquor. Additionally, it provides that a conviction for driving under the influence of intoxicating liquor which occurred prior to the enactment of this measure may qualify as a "prior conviction" *for the purpose of increasing penalties established by this measure.* [Emphasis added.]

 

Accordingly, we construe the maximum imprisonment under HRS §§ 291-4(b)(1)(C)(ii) and -4(b)(2)(B)(ii) to be 180 days and find those subsections not unconstitutionally vague.

## II. TRIAL BY JURY

Defendant asserts that the district court's denial of his demand for jury trial deprived him of that basic constitutional right. We agree.

Article III, section 2, clause 3, of the United States Constitution provides that "[t]he Trial of all Crimes, except in Cases of Impeachment, shall be by Jury[,]" and the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury[.]" The Supreme Court has made the Sixth Amendment guarantee of a right of jury trial obligatory on the states by the due process clause of the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491, *reh'g denied,* 392 U.S. 947, 88 S. Ct. 2270, 20 L. Ed. 2d 1412 (1968).

Article I, section 14 (Supp. 1984),[7] of the Hawaii Constitution is Hawaii's counterpart to the Sixth Amendment. Our supreme court has announced that "in interpreting it we will look to the federal case law on the subject as a guide, pursuant to the expressed intent of the draftsmen of our constitution." *State v. Shak,* 51 Haw. 612, 615, 466 P.2d 422, 424, *cert. denied,* 400 U.S. 930, 91 S. Ct. 191, 27 L. Ed. 2d 190 (1970).

Although the Sixth Amendment literally guarantees a jury trial in *all* criminal prosecutions, the United States Supreme Court in 1888 announced the principle that "there is a class of petty or minor offenses" which may be tried without a jury. *Callan v. Wilson,* 127 U.S. 540, 555, 8 S. Ct. 1301, 1306, 32 L. Ed. 223, 227 (1888). This principle was reiterated in *District of Columbia v. Colts,* 282 U.S. 63, 51 S. Ct. 52, 75 L. Ed. 177 (1930), and *Cheff v. Schnackenberg,* 384 U.S. 373, 86 S. Ct. 1523, 16 L. Ed. 2d 629 (1966).

---

[7] Article I, section 14, of the Hawaii Constitution was numbered article I, section 11, prior to 1978.

## A. *Whether DUI is a Crime*

Initially, we will lay to rest the State's argument that (1) the right of jury trial applies in *criminal* prosecutions only; (2) DUI is a traffic violation and not a crime since HRS chapter 291 is labeled "traffic violations" and, at best, it is quasi-criminal, and (3) therefore, Defendant was properly denied a jury trial.

The State's argument is wholly without merit since HRS § 701-107(1) (1976) expressly provides in pertinent part:

> An offense defined by this Code or *by any other statute* of this State for which a sentence of imprisonment is authorized constitutes a crime. [Emphasis added.]

Since HRS § 291-4 authorizes an imprisonment sentence, DUI is obviously a crime.

## B. *Whether DUI is a "Petty" or "Serious" Offense*

According to federal case law the constitutional right to a jury trial depends on whether the offense charged is "petty" or "serious." Thus, the crucial question before us is whether DUI in Hawaii is a constitutionally petty or serious offense.

Regarding the petty or serious dichotomy, our supreme court has stated:

> Under the Federal Constitution, the United States Supreme Court has held that two criteria are relevant in determining whether an offense is petty or serious. The first is whether the offense is by its nature serious. If so, the size of the penalty that may be imposed is only of minor relevance, and the right of trial by jury attaches. *See Callan v. Wilson,* 127 U.S. 540 (1888). If the offense is not by its nature serious, however, the magnitude of the potential penalty set for its punishment becomes important, since it is an indication of the ethical judgments and standards of the community. *District of Columbia v. Colts,* 282 U.S. 63 (1930).

*State v. Shak,* 51 Haw. at 614-15, 466 P.2d at 424. However, the line of demarcation between petty and serious has been "ill-defined, if not ambulatory," *Duncan v. Louisiana,* 391 U.S. at 160, 88 S. Ct. at 1453, 20 L. Ed. 2d at 502, and the courts have drawn it on an *ad hoc* basis.

The reported cases discuss two main factors in determining whether an offense by its nature is petty or serious. *See, e.g., United States v. Stewart,* 568 F.2d 501 (6th Cir. 1978); *United States v. Sanchez-Meza,* 547 F.2d 461 (9th Cir. 1976). The first factor is the historical treatment of the particular offense — whether at the time of the adoption of the United States Constitution it was an offense "indictable at common law," *District of Columbia v. Clawans,* 300 U.S. 617, 625, 57 S. Ct. 660, 662, 81 L. Ed. 843, 846 (1937), or one "triable at common law by a jury," *Bailey v. United States,* 98 F.2d 306, 307 (D.C. Cir. 1938), or "tried summarily without a jury." *District of Columbia v. Clawans,* 300 U.S. at 624, 57 S. Ct. at 662, 81 L. Ed. at 846. The second factor is whether the offense is of "a grave character, affecting the public at large," *Callan v. Wilson,* 127 U.S. at 556, 8 S. Ct. at 1307, 32 L. Ed. at 228 (1888), involves "moral delinquency," *Schick v. United States,* 195 U.S. 65, 67, 24 S. Ct. 826, 826, 49 L. Ed. 99, 101 (1904), or "carries sufficient opprobrium" insofar as society is concerned. *Baker v. City of Fairbanks,* 471 P.2d 386, 389 (Alaska 1970). For an offense not serious by nature, most jurisdictions use a six-month guideline to determine the right to a jury trial: the right attaches only if the maximum authorized punishment exceeds six months. *See Baldwin v. New York,* 399 U.S. 66, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970). Some courts will also consider the collateral consequences of the authorized punishment. *See United States v. Craner,* 652 F.2d 23 (9th Cir. 1981); *United States v. Woods,* 450 F. Supp. 1335 (D. Md. 1978). These considerations, although seemingly objective, reflect the community's social and ethical perceptions of the gravity of the offense.

We will apply the foregoing factors in determining whether DUI is a constitutionally serious offense to which the right to a trial by jury attaches.

### 1. The Historical Treatment

Relying solely on the historical treatment factor, the State argues that "[t]he offense of intoxication was one considered 'petty' at common law," that DUI "is not so different from common law crimes dealing with intoxication that it can be proclaimed 'serious' in nature," and that, therefore, Defendant was not entitled to a jury trial. We do not agree.

To the State's argument, we interpose an apt quotation from *United States v. Woods, supra,* at 1345, as follows:

At common law prior to 1776, any charge of driving while intoxicated must have involved horsedrawn or simple horseback transportation. Considering the limited speed of such animal-powered conveyance, it is doubtful that any such offense would have generated significant alarm among the citizenry. In contrast, the incredible destruction caused by modern automobiles is the subject of daily comment in the press, on television and radio, and among the populace. Therefore, it is this Court's belief that no valid analogy can be drawn between traffic offenses involving more primitive modes of transportation and those committed in the heavy and powerful motor vehicles of today.

Moreover, if DUI is to be likened to a common law offense, it may be more like an offense of reckless driving than that of intoxication. Reckless driving was an indictable offense at common law, and a defendant so charged was deemed to be entitled to a trial by jury. *District of Columbia v. Colts, supra.*

### 2. The Gravity of the Offense

We next consider whether DUI is a grave offense affecting the public in general and bearing the opprobrium of society, thereby being a serious offense in the constitutional sense. The legislative history of the DUI statute furnishes the answer.

Hawaii initially enacted in 1949 a law which made the operation of a vehicle "while under the influence of intoxicating liquor" a misdemeanor punishable "by a fine not exceeding one thousand dollars or by imprisonment for not more than one year, or both."[8] Act 283, § 1, 1949 Haw. Sess. Laws 602. Under the *Shak* test, the potential penalty of one year imprisonment alone made DUI a serious offense. Thus, in 1949 the legislators made DUI a constitutionally serious offense indicating its gravity and its effect on the

---

[8] The DUI law was designated Rev. Laws Haw. § 11721 (1945, as amended), redesignated Rev. Laws Haw. § 311-28 (1955), and finally designated HRS § 291-4 in 1968.

*See State v. Tengan,* 67 Haw. 451, 691 P.2d 365 (1984), for a history of DUI and "implied consent" laws.

public in general. Our supreme court characterized the DUI offense as follows:

> [T]his court takes cognizance of the serious nature of the crime of driving while under the influence of intoxicating liquor and of the resultant aggravation which adheres to the offense itself. So great is the potential danger to the public of a drunken driver upon the public highways that the offender deserves severe punishment.

*Territory v. Idemoto,* 39 Haw. 152, 153 (1951) (appeal on grounds that the sentence imposed was excessive); *see also Territory v. Oshiro,* 39 Haw. 303 (1952).

In 1982, the 1949 DUI law (HRS § 291-4) was drastically amended to nearly the same format we have today. The 1982 amendment mandated substantial minimum penalties for second and third offenses occurring within a prescribed period of time. Act 251, § 1, 1982 Haw. Sess. Laws 472, 472-73. The legislative history of the 1982 amendment indicates that DUI was deemed a serious problem.

> It is frightening to realize that one of every two Americans will be involved in an alcohol-related auto crash in his or her lifetime. In our own state the dimensions of the drunk-driving problem can be highlighted by recent statistics. In 1981, almost two-thirds of Hawaii's traffic deaths were alcohol-related; drinking drivers involved in all accidents here numbered 2,465 in 1980.
>
> The problem is already of major proportions, yet it is growing, and will continue to increase unless and until this Legislature provides meaningful sanctions that will deter drunken driving.

Sen. Stand. Comm. Rep. No. 176-82, in 1982 Senate Journal, at 1011. The purpose of the 1982 amendment was "to provide for *increased* penalties for persons convicted of driving a vehicle while under the influence of intoxicating liquor." Sen. Conf. Comm. Rep. No. 57-82, in 1982 Senate Journal, at 908, and Hse. Conf. Comm. Rep. No. 60-82, in 1982 House Journal, at 850 (emphasis added). In 1983, finding that "drunken driving is one of the State's *most serious and tragic problems,"* the legislature amended the statute "to establish *more effective sanctions*" for DUI offenses. Sen. Stand.

Comm. Rep. No. 999, in 1983 Senate Journal, at 1477-78 (emphasis added).

The 1982 and 1983 amendments substantially reduced the maximum imprisonment penalty to 180 days. However, the maximum potential fine of $1,000 was retained and other penalties, including community service work and suspension or revocation of driver's license, were added. Of greater impact, the specified penalties were made mandatory "without possibility of probation or suspension of sentence."[9] HRS § 291-4(b). Since the legislature amended the 1949 law, under which DUI was a serious offense, with the intent of strengthening the penalties because DUI was a serious and tragic problem, it would be incongruous for us to conclude that in 1983 DUI was a petty offense merely because the maximum imprisonment penalty was reduced to 180 days.

Few courts have dealt with DUI and the right to a jury trial on a federal constitutional level.[10] However, in Arizona, Ohio, Oregon, and South Dakota, DUI is deemed to be a serious, and not a petty, offense in that constitutional context, despite the fact that the magnitude of the penalty is not severe. *See Rothweiler v. Superior Court of Pima County*, 100 Ariz. 37, 410 P.2d 479 (1966); *Brady v. Blair*, 427 F. Supp. 5 (S.D. Ohio 1977); *Brown v. Multnomah County District Court*, 280 Or. 95, 570 P.2d 52 (1977); *Parham v. Municipal Court, City of Sioux Falls*, 86 S.D. 531, 199 N.W.2d 501 (1972). Also, two federal cases hold that, although the maximum penalty for DUI in a national park is six months' imprisonment or a $500 fine plus

---

[9] During the floor debate of the bill which resulted in the 1982 amendment of HRS § 291-4, Senator Mary George, chairperson of the Transportation Committee, stated:

Our present statute provides the availability of tough sentences which, unfortunately, are almost never invoked. The fact is that with the provisions of this bill, something is going to happen and something rather unpleasant is going to happen to even the first one [sic] convicted of drunk driving.

1982 Senate Journal at 738. Prior to the 1982 amendment, the court had the discretion of placing a defendant on probation or suspending his sentence. HRS §§ 701-102 and 706-620.

[10] In most of the states affording a DUI defendant the right of a jury trial, the entitlement is based on state constitutional and statutory grounds rather than on a federal constitutional basis. *See, e.g., Baker v. City of Fairbanks*, 471 P.2d 386 (Alaska 1970); *State v. Gerber*, 206 Neb. 75, 291 N.W.2d 403 (1980); *State v. Morgan*, 598 S.W.2d 796 (Tenn. Crim. App. 1979); *Lapp v. City of Worland*, 612 P.2d 868 (Wyo. 1980).

payment of costs, it is a constitutionally serious offense entitling the offender to a jury trial.[11] *See United States v. Craner, supra; United States v. Woods, supra.*

We now join these jurisdictions and conclude that DUI is a constitutionally serious offense. Accordingly, we hold that Defendant was denied his constitutional right to a trial by jury.

Reversed and remanded for a jury trial.

*Richard L. Rost (Matthew N. Padgett* and *Elizabeth B. Padgett* with him on the briefs; *Richard L. Rost,* Attorney at Law, A Law Corporation, of counsel) for defendant-appellant.

*Artemio C. Baxa (Richard Priest, Jr.* and *Dave S. Fukuoka* with him on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.

---

[11] Our research disclosed that in New Jersey, Louisiana, Nevada, and New Mexico a DUI offender is not entitled to a jury trial. *State v. Roth,* 154 N.J. Super. 363, 381 A.2d 406 (1977) (DUI offenses are not "crimes" but considered quasi-criminal in nature); *City of Monroe v. Wilhite,* 255 La. 838, 233 So.2d 535, *cert. denied,* 400 U.S. 910, 91 S. Ct. 136, 27 L. Ed. 2d 150 (1970) (since the punishment does not exceed $500 in fine and six months imprisonment, DUI offenses are "petty" in nature); *State v. Smith,* 99 Nev. 806, 672 P.2d 631 (1983) (since the potential maximum imprisonment is six months, DUI is a "petty" offense); *State v. Sweat,* 78 N.M. 512, 433 P.2d 229 (1967) (state constitution does not entitle a DUI offender to a jury trial in the district court).