DISTRICT OF COLUMBIA *v.* COLTS.

No. 96. Argued October 23, 1930.—Decided November 24, 1930.

64

*Mr. Robert E. Lynch,* with whom *Messrs. Wm. W. Bride* and *Robert P. Reeder* were on the brief, for petitioner.

68

*Mr. William B. O'Connell,* with whom *Messrs. Harry T. Whelan* and *Louis L. Whitestone* were on the brief, for respondent.

70

Mr. Justice Sutherland delivered the opinion of the Court.

An information filed in the Police Court of the District of Columbia charged the respondent, Colts, with having operated upon various streets, contrary to the statute set forth below, " a certain motor vehicle at a greater rate of speed than twenty-two miles an hour over said public highway[s] recklessly, that is to say at a greater rate of speed than was reasonable and proper, having regard to the width of said public highway[s], the use thereof, and the traffic thereon, in such manner and condition so as to endanger property and individuals." Respondent was arraigned, pleaded not guilty, and demanded a trial by jury. The demand was denied, and he was put upon trial before the judge without a jury and found guilty. Upon writ

of error the Court of Appeals of the District of Columbia reversed the judgment, holding that respondent, under the federal Constitution, was entitled to a jury trial. With that conclusion we agree.

The acts of Congress passed for the government of the District provide that prosecutions in the police court shall be on information; that where the accused would be entitled to a jury trial under the Constitution, trial shall be by jury unless waived; and that in cases where the accused would not by force of the Constitution be entitled to a trial by jury, trial shall be by the court without a jury, unless, in cases where the fine or penalty may be more than $300 or imprisonment more than ninety days, the accused shall demand a trial by jury, in which case the trial shall be by jury. D. C. Code (1930), Title 18, c. 4, § 165.

Section 9 of the District of Columbia Traffic Act, 1925, as amended, D. C. Code (1930), Title 6, c. 9, § 246, provides:

"(a) No vehicle shall be operated upon any public highway in the District at a speed greater than twenty-two miles per hour except in such outlying districts and upon such highways as the director may designate. . . .

"(b) No individual shall operate a motor vehicle over any public highway in the District (1) recklessly; or (2) at a rate of speed greater than is reasonable and proper, having regard to the width of the public highway, the use thereof, and the traffic thereon; or (3) so as to endanger any property or individual; or (4) so as unnecessarily or unreasonably to damage the public highway.

"(c) Any individual violating any provision of this section where the offense constitutes reckless driving shall, upon conviction for the first offense, be fined not less than $25 nor more than $100 or imprisoned not less than 10 days nor more than 30 days; and upon conviction for

the second or any subsequent offense such individual shall be fined not less than $100 nor more than $1,000, and shall be imprisoned not less than 30 days nor more than one year, and the clerk of the court shall certify forthwith such conviction to the director, who shall thereupon revoke the operator's permit of such individual.

"(d) Any individual violating any provision of this section except where the offense constitutes reckless driving, shall, upon conviction for the first offense, be fined not less than $5 nor more than $25; upon conviction for the second offense, such individual shall be fined not less than $25 nor more than $100; upon conviction for the third offense or any subsequent offense such individual shall be fined not less than $100 nor more than $500, and shall be imprisoned not less than 30 days nor more than one year, and the clerk of the court shall certify forthwith such conviction to the director, who shall thereupon revoke the operator's permit of such individual."

It will be seen that the respondent is not charged merely with the comparatively slight offense of exceeding the twenty-two mile limit of speed, subdivision (a), or merely with driving recklessly, subdivision (b) (1); but with the grave offense of having driven at the forbidden rate of speed and recklessly, "so as to endanger property and individuals."

By § 165 of the D. C. Code, outlined above, the Constitution is made the test—as, of course, it must be—to determine whether the accused be entitled to a jury trial. Article III, § 2, cl. 3, of the Constitution provides that "The trial of all crimes, except in cases of impeachment, shall be by jury." This provision is to be interpreted in the light of the common law, according to which petty offenses might be proceeded against summarily before a magistrate sitting without a jury. See *Callan* v. *Wilson*, 127 U. S. 540, 557. That there may be many offenses called "petty offenses" which do not rise to the

degree of *crimes* within the meaning of Article III, and in respect of which Congress may dispense with a jury trial, is settled. *Schick* v. *United States,* 195 U. S. 65. And see *Natal* v. *Louisiana,* 139 U. S. 621, 624; *Lawton* v. *Steele,* 152 U. S. 133, 141; *State* v. *Rodgers,* 91 N. J. L. 212, 214.

Whether a given offense is to be classed as a crime, so as to require a jury trial, or as a petty offense, triable summarily without a jury, depends primarily upon the nature of the offense. The offense here charged is not merely *malum prohibitum,* but in its very nature is *malum in se.* It was an indictable offense at common law, *United States* v. *John Hart,* 1 Pet. C. C. 390, 392, when horses, instead of gasoline, constituted the motive power. The New Jersey Court of Errors and Appeals, in *State* v. *Rodgers, supra,* has discussed the distinction between traffic offenses of a petty character, subject to summary proceedings without indictment and trial by jury, and those of a serious character, amounting to public nuisance indictable at common law; and its examination of the subject makes clear that the offense now under review is of the latter character.

An automobile is, potentially, a dangerous instrumentality, as the appalling number of fatalities brought about every day by its operation bear distressing witness. To drive such an instrumentality through the public streets of a city so recklessly " as to endanger property and individuals " is an act of such obvious depravity that to characterize it as a petty offense would be to shock the general moral sense. If the act of the respondent described in the information had culminated in the death of a human being, respondent would have been subject to indictment for some degree of felonious homicide. *Nash* v. *United States,* 229 U. S. 373, 377; 1 Whar. Cr. Law, §§ 343 *et seq.,* 353–356; 1 Bish. New Cr. Law, § 313 *et seq.; Story* v. *United States,* 16 F. (2d) 342, 344; *State* v.

*Campbell*, 82 Conn. 671, 677; *Mercer* v. *Corbin*, 117 Ind. 450; *Belk et al.* v. *People*, 125 Ill. 584, 589–590; *Kennedy* v. *Way*, Bright. (Pa.) 186, 188. Such an act properly cannot be described otherwise than as a grave offense—a crime within the meaning of the third Article of the Constitution—and as such within the constitutional guarantee of trial by jury.

*Judgment affirmed.*