**UNITED STATES of America,**
**Plaintiff,**

v.

**Fred K. S. AU YOUNG, Bernardo Villa,**
**and William Kow Lin Tuck Ah**
**Cook, Defendants.**

**Cr. No. 11034.**

United States District Court
D. Hawaii.

Aug. 2, 1956.

---

Louis B. Blissard, U. S. Atty., Charles B. Dwight III, Asst. U. S. Atty., Honolulu, Hawaii, for plaintiff.

Thomas P. Gill, Paul C. Kokubun, Herman S. Doi, Alvin T. Shim, E. E. Wiles, Honolulu, Hawaii, for defendants.

WIIG, District Judge.

Defendants seek to waive trial by jury under an information charging them with violating § 11107, Revised Laws of Hawaii 1945, and the Federal Assimilative Crimes Act, 18 U.S.C.A. § 13. Section 11107 declares that the public exhibition of obscene pictures and photographs is a common nuisance. The court has jurisdiction under 18 U.S.C.A. § 13 because the acts complained of occurred on property owned by the United States Government.

A written waiver of trial by jury was filed by the defendants. The Assistant United States Attorney for the District of Hawaii refused to consent to the waiver, based on Rule 23(a), Federal Rules of Criminal Procedure, Title 18 U.S.C.A., which states:

"Trial by Jury. Cases *required* to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval

of the court and the consent of the government." (Emphasis added.)

Defendants, claiming that they are charged with a petty offense, which is not *required* to be tried by jury, filed a motion to allow a waiver of trial by jury without the consent of the government.

The issue presented by the motion is: May defendants waive trial by jury without the consent of the government? There appear to be no reported cases involving this novel situation. The question usually arises when an accused demands, rather than seeks to waive, a trial by jury.

Article III of the United States Constitution provides that "The Trial of all Crimes * * * shall be by Jury." The Sixth Amendment states that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."

The word "crimes" as used in Article III does not include petty offenses. District of Columbia v. Clawans, 1937, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843; District of Columbia v. Colts, 1930, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177; Schick v. United States, 1904, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99; Callan v. Wilson, 1888, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223. When a violation of a statute amounts to a petty offense, there is no constitutional requirement of a jury, Schick v. United States, supra, and in such a case a jury trial is not required.

A petty offense is defined by 18 U.S.C.A. § 1(3) as "Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more that $500, or both * * *." The charge against defendants is punishable by § 11109, Revised Laws of Hawaii 1945, which reads: "Penalty. Whoever is guilty of the offense of common nuisance shall be punished by a fine not exceeding five hundred dollars or by imprisonment for not more than six months; except as otherwise provided by law."

The penalty prescribed by § 11109 brings the act complained of within the definition of a petty offense as defined in 18 U.S.C.A. § 1(3). Since a petty offense may be tried without a jury, Rule 23(a) has no application to this case and defendants may waive trial by jury without the consent of the government.

The motion is granted.