**Carolyn F. MARSHALL, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 6822.

District of Columbia Court of Appeals.

Argued Feb. 8, 1973.

Decided April 2, 1973.

Donald E. Cope, Washington, D. C., appointed by this court, for appellant.

Douglass J. McCollum, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and James F. Rutherford, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, NEBEKER and PAIR, Associate Judges.

PAIR, Associate Judge:

Appellant was arrested and charged with soliciting for the purpose of prostitution,[1] a petty offense,[2] for which the maximum penalty prescribed is a fine of $250 or imprisonment for 90 days or both.[3] Appel-

---

1. D.C.Code 1967, § 22–2701.

2. 18 U.S.C. § 1(3).

3. The penalties fall below the statutory prerequisites for jury trial. See D.C.Code 1967, § 16–705(b)(1) (Supp. V, 1972).

lant requested, but was denied, trial by jury, after which she was tried by the court and found guilty. On appeal, the sole issue is whether appellant was entitled under the Constitution to a trial by jury. This question has been consistently answered in the negative.

■ The Supreme Court has held in an unbroken line of decisions that the Sixth Amendment does not require that a person charged with a "petty offense" be afforded, at his request, a jury trial. *See* Baldwin v. New York, 399 U.S. 66, 68–69, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 159–162, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); District of Columbia v. Clawans, 300 U.S. 617, 624, 57 S.Ct. 660, 81 L.Ed. 834 (1937); District of Columbia v. Colts, 282 U.S. 63, 72–73, 51 S.Ct. 52, 75 L.Ed. 177 (1930); Callan v. Wilson, 127 U.S. 540, 557, 8 S.Ct. 1301, 32 L.Ed. 223 (1888). *Cf.* Cheff v. Schnackenberg, 384 U.S. 373, 378–380, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966).

The Congress has defined a "petty offense" in this context as "[a]ny misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both. . . ."[4] The offense of soliciting for prostitution clearly falls within this definition. Courts in this jurisdiction have considered the precise issue, most recently in Austin v. United States, D.C.App., 299

A.2d 545 (1973), and sustained the trial court's denial of a jury trial. *See* Gaithor v. United States, D.C.App., 251 A.2d 644 (1969); and Bailey v. United States, 69 App.D.C. 25, 98 F.2d 306 (1938). We are not free to reach a different result[5] in this case and, therefore, affirm the judgment of conviction.

We are constrained to comment, however, upon the posture of the record on appeal. In the notice of appeal the sole exception taken to the proceedings below was the denial of the motion for a jury trial. The motion was disposed of at a very brief bench conference prior to trial and the proceeding is reported in toto on less than two pages of the reporter's transcript, yet the court below certified to this court the entire reporter's transcript. We are not unmindful of the Supreme Court's teachings in this regard. *See* Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed. 2d 21 (1962); and Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 657 (1964).[6]

■ When, however, as in this case, appointed trial counsel continues as counsel on appeal and a narrow issue is clearly framed for review, the trial court should give more than perfunctory attention to counsel's request for the entire transcript.[7]

---

4. *See* note 2, *supra*. Despite 18 U.S.C. § 1, however, the United States Court of Appeals for this Circuit has defined "petty offense" more restrictively, at least in the case of contempt. Rollerson v. United States, 119 U.S.App.D.C. 400, 408, 343 F.2d 269, 277 (1964); *but see* D.C.Code 1967, § 16–705(b)(1) (Supp. V, 1972).

5. *See* M.A.P. v. Ryan, D.C.App., 285 A.2d 310, 312 (1971).

6. *See also* Mayer v. Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Tate v. United States,

123 U.S.App.D.C. 261, 359 F.2d 245 (1966).

7. D.C.App. R. 23 provides in part:
     (a) . . . The applicant shall indicate in his petition to what extent reporter's transcript of the proceedings in the trial court is necessary to permit appellate review.

     (b) . . . The trial judge shall consider and act upon the request for preparation of reporter's transcript within 10 days after the filing of the notice of appeal. The court's order shall include directions as to the extent to which a transcript shall be furnished to the appellant at the expense of the government. . . .

*See* Gaskins v. United States, D.C.App., 265 A.2d 589, 593 (1970). This procedure has the benefit of speeding the process of appellate review and avoiding a needless expenditure of public funds.

Affirmed.