**David Dean BRADY, Petitioner,**

v.

**Barton W. BLAIR, Jr., Respondent.**

No. C–2–75 410.

United States District Court,
S. D. Ohio, E. D.

April 22, 1976.

**6**

R. Raymond Twohig, Jr., Columbus, Ohio, for petitioner.

David E. Railsback, Mount Vernon, Ohio, for respondent.

## OPINION AND ORDER

KINNEARY, District Judge.

Petitioner, a state prisoner when the action was filed, brings this action for a writ of habeas corpus under the provisions of Title 28, United States Code, Section 2241(c)(3).

This matter is before the Court on the petition, return of writ, traverse, transcript of proceedings in *State v. David D. Brady,* Case Nos. 67445, 67446 and 67449 (Mount Vernon Municipal Court, November, 1972—December, 1973), the briefs and exhibits of the parties, and the evidentiary hearings held on December 19, 1975 and on January 22, 1976.

Petitioner was arrested at 2:35 a. m. on November 3, 1972 in Mount Vernon, Ohio. He was charged with operating a motor vehicle while under the influence of alcohol, § 333.01, Mount Vernon Ordinances, speeding, resisting an officer and abusing an officer. At approximately 3:00 a. m., petitioner telephoned his brother, James Brady, who advised the petitioner not to enter a plea until he had consulted with an attorney. James Brady also indicated to the petitioner that he would obtain counsel for the petitioner.

Later that same morning, however, the petitioner had an initial appearance before the Mount Vernon Municipal Court. When his case was called, petitioner was advised that he was charged with operating a motor vehicle while under the influence of alcohol. The following colloquy then occurred:

JUDGE: How do you plead?

BRADY: Uh retain counsel not enter a plea.

JUDGE: I'll enter a plea for you of not guilty. We'll set your hearing for November 22nd 1972 at 1:30 p. m. · . .

Mr. Brady now your [sic] entitled to a Jury Trial on some of these matters . . . . [Y]ou will post a $500.00 bond plus recognizance on your appearance on November 22nd at 1:30 p. m.

Petitioner, through James Brady, immediately attempted to retain counsel. He testified at the evidentiary hearing that he wanted a jury trial in the matter and that he communicated this desire to James Brady in their discussions. Petitioner feared that Judge Blair might be prejudiced by petitioner's prior appearances before and dealings with the judge and by those of his brother, James Brady.

Petitioner further testified that he was aware of the seriousness of the charge and of the consequences of conviction. He had, previous to his arrest, considered the possibility of becoming a long-haul truck driver and he feared that conviction on the charge would prevent him from doing so. Finally, petitioner felt that he was innocent of the charge and preferred not to leave the determination of that issue with just one man.

James Brady testified that he contacted several attorneys on the petitioner's behalf and eventually approached Joseph J. Hans, Esquire. He testified that he indicated to Mr. Hans the petitioner's desire for a jury trial and that he specifically discussed the matter of a jury trial with Mr. Hans. On November 21, 1972 James Brady paid a retainer to Mr. Hans for what he understood would be representation of the petitioner in a jury trial.

Petitioner had no contact with Mr. Hans until shortly before the December 6 trial date and relied completely upon his brother in arranging representation for him. Petitioner remained, at all times relevant to these proceedings, firm in his desire for a jury trial.

Mr. Hans' recollection of subsequent events is meager. However, James Brady testified that, while he was present in Mr. Hans' office on November 21, the attorney called the Mount Vernon Municipal Judge. During the course of their conversation, Mr. Hans requested a jury trial. The judge's response, as relayed to James Brady by Mr. Hans, was that it was too late to file a jury demand and that petitioner could not do so. Mr. Hans also requested a continuance from November 22 to December 6, and that request was granted by the judge. According to his own testimony, James Brady then suggested that Mr. Hans mail in a jury demand immediately. However, a written jury demand was never made.

Petitioner was tried to the Court on December 6 and on December 27, 1972 the Court found him guilty of operating a motor vehicle while under the influence of alcohol, speeding, and resisting an officer. The Court returned a verdict of not guilty on the charge of abusing a police officer. Petitioner was sentenced on December 27, 1972 but the sentence was later vacated because his attorney was not present at the sentencing. On December 26, 1973 petitioner was resentenced on the charge of operating a motor vehicle while under the influence of alcohol to ninety days incarceration and a $150.00 fine plus costs. Eighty-seven days of the sentence were suspended on the conditions that petitioner pay all fines and costs and that he have no further law violations for a period of three years. Petitioner was further sentenced to thirty days incarceration, a $500.00 fine, and court costs on the charge of resisting an officer.

Petitioner alleges that he is in the custody of respondent on the charge of operating a motor vehicle while under the influence of alcohol in violation of the Constitution of the United States in that:

1. He was denied his right to a jury trial.

2. He was denied the effective assistance of counsel.

3. He was denied his right to the assistance of counsel at arraignment and sentencing.

Petitioner has exhausted his available state court remedies with respect to the first and third claims for relief. *State v. David Dean Brady,* Nos. 74–CA–10, 74–CA–11 (Fifth Dist.Ct.App. November 7, 1974); *State v. David Dean Brady,* No. 75–21 (O.S.Ct. Mar. 1975). 28 U.S.C. § 2254(b), (c). Petitioner's second claim for relief was not presented to either the Court of Appeals or the Supreme Court of Ohio. The Court HOLDS that the petition is without merit with respect to the second claim for relief because petitioner has not exhausted his available state court remedies as required by 28 U.S.C. § 2254(b), (c). *Picard v. Connor,* 404 U.S. 270, 275–276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The remaining two claims for relief will be discussed below.

I

■ A criminal defendant charged with a misdemeanor offense has the right to the representation of counsel at any critical stage of the prosecution. *See Hamilton v. Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In *Hamilton v. Alabama, supra* the United States Supreme Court held that the Alabama arraignment is a critical stage of the criminal proceedings because "[a]vailable defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes." *Id.,* 368 U.S. at 54, 82 S.Ct. at 159. The Supreme Court of Ohio has held that the Ohio arraignment is not a critical stage because no defenses are lost and the defendant is not otherwise prejudiced by the absence of counsel. *Dean v. Maxwell,* 174 Ohio St. 193, 187 N.E.2d 884 (1963).

■ Petitioner argues that the arraignment in his case was a critical stage because the judge required him to enter a plea of not guilty, instead of granting him a continuance to retain counsel. *See* former

§ 2937.03, Ohio Revised Code. The judge then set a trial date—without specifically advising the petitioner that it was in fact a trial date. The judge further failed to explain to petitioner the mechanics of effectuating his right to a jury trial. *See* former § 2937.02, Ohio Revised Code.

Although the acts leading up to petitioner's loss of his right to a jury trial in a sense began at arraignment, that proceeding was not a critical stage. Petitioner had the opportunity following the November 3, 1972 arraignment to retain counsel who would then preserve his right to jury trial. The nineteen days between the date of arraignment and the date of the "hearing" was not an unreasonable time within which to retain counsel. Petitioner's delay in retaining counsel did contribute to the denial of his right to trial by jury and his attorney's failure to file a written demand resulted in the loss of the right. Had counsel filed the written demand within three days of December 6, 1972 plaintiff would have been entitled to a jury trial under § 1901.24, Ohio Revised Code. *State v. Edwards,* 4 Ohio App.2d 261, 208 N.E.2d 758 (Wash.Cty.App. 1965).

■ Petitioner was originally without counsel at sentencing. Sentencing is a critical stage in a criminal case and one to which the constitutional right to counsel attaches. *Mempa v. Rhay,* 389 U.S. 128, 133–34, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). *See also Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). However, the petitioner was later resentenced with counsel present and participating in the proceeding. Any violation of petitioner's constitutional right in this regard, then, was remedied by the subsequent resentencing. *See Oliver v. Cowan,* 487 F.2d 895, 896 (6th Cir. 1973), *cert. denied,* 416 U.S. 975, 94 S.Ct. 2003, 40 L.Ed.2d 564 (1974).

The Court therefore HOLDS that the petition is without merit with respect to the third claim for relief.

II

■ Under Ohio law, a person charged with operating a motor vehicle while under

the influence of alcohol is entitled to a jury trial. *Hoffman v. State,* 98 Ohio St. 137, 120 N.E. 234 (1918). But the right is waived if the accused does not file a written demand for a jury trial in accordance with § 1901.24, Ohio Revised Code:

. . . In any criminal case in which the accused desires a jury trial, a demand for a jury trial must be made by the accused or his attorney. Such demand must be filed with the clerk of court not less than three days prior to the date set for trial, or on or before the day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this section is a complete waiver of the right thereto. . . .

*See also,* § 2938.04, Ohio Revised Code.

The Fifth District Court of Appeals held that petitioner was not entitled to a jury trial because neither he nor his attorney filed a written demand for a jury trial and because he went to trial without objecting to the Court sitting without a jury.

██ If petitioner's right to a jury trial is a state created one, then this Court's inquiry is ended. If petitioner has a federal constitutional right to a jury trial, then the writ must be granted, for it cannot be said, upon the record in this case, that the waiver was an "understanding and knowing decision by petitioner himself" rather than merely a default by his attorney. *Humphrey v. Cady,* 405 U.S. 504, 517, 92 S.Ct. 1048, 1056, 31 L.Ed.2d 394 (1972).

██ The Sixth Amendment to the Constitution of the United States guarantees a jury trial to defendants charged with "serious" offenses. Defendants charged with "petty" offenses are not constitutionally entitled to a jury trial. *Duncan v. Louisiana,* 391 U.S. 145, 159, 161, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Generally, petty offenses are those with a maximum penalty of up to six months imprisonment and a $500.00 fine. *See Baldwin v. New York,* 399 U.S. 66, 71, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Duncan v. Louisiana,* 391 U.S. at 159, 88 S.Ct. 1444; *District of Columbia v. Clawans,* 300 U.S. 617, 626–628, 57 S.Ct.

660, 81 L.Ed. 843 (1937). *See also* Title 18, United States Code, Section 1. But the penalty alone is not determinative of whether the offense is serious or petty. The degree of ethical condemnation with which the community views the offense is also considered. *Baldwin v. New York,* 399 U.S. at 69 n.6, 90 S.Ct. 1886.

In *District of Columbia v. Colts,* 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930), the United States Supreme Court held that the crime of reckless operation of an automobile, which carried a maximum penalty of thirty days imprisonment and a One Hundred Dollar fine was a serious offense entitling the accused to a jury trial:

Whether a given offense is to be classed as a crime, so as to require a jury trial, or as a petty offense, triable summarily without a jury, depends primarily upon the nature of the offense. The offense here charged is not merely *malum prohibitum,* but in its very nature is *malum in se.* It was an indictable offense at common law. . . .

An automobile is, potentially, a dangerous instrumentality, as the appalling number of fatalities brought about every day by its operation bear distressing witness. To drive such an instrumentality through the public streets of a city so recklessly "as to endanger property and individuals" is an act of such obvious depravity that to characterize it as a petty offense would be to shock the general moral sense. If the act of the respondent described in the information had culminated in the death of a human being, respondent would have been subject to indictment for some degree of felonious homicide. [citations omitted.] Such an act properly cannot be described otherwise than as a grave offense—a crime within the meaning of the third Article of the Constitution—and as such within the constitutional guarantee of trial by jury.

*Id.* at 73–74, 51 S.Ct. at 53.

While many courts have dealt with the issue of the right to trial by jury upon a charge of driving while under the influence of alcohol, few courts have dealt with the

issue on a federal constitutional level. *See Annotation*: *Right to Trial by Jury in Criminal Prosecutions for Driving while Intoxicated or Similar Offenses,* 16 A.L.R.3d 1373 (1967).

In *City of Monroe v. Wilhite,* 255 La. 838, 233 So.2d 535, *cert. denied,* 400 U.S. 910, 91 S.Ct. 136, 27 L.Ed.2d 150 (1970), the Supreme Court of Louisiana interpreted *Duncan v. Louisiana, supra,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, to hold that the maximum penalty for a crime is the only relevant criterion in the determination of the issue. Accordingly, the Louisiana Supreme Court held that there was no federal constitutional right to a jury trial for driving while intoxicated where the maximum penalty was six months incarceration and a Five Hundred Dollar fine. *See also Hilliard v. City of Gainesville,* 213 So.2d 689, 691 (Fla.1968).

On the other hand, two state supreme courts have held that a person charged with driving while under the influence of alcohol has a Sixth Amendment right to a jury trial. In Arizona, driving while under the influence of intoxicating liquors has a maximum penalty of six months imprisonment and a Three Hundred Dollar fine. Additionally, the court can suspend the defendant driver's license for ninety days. The Supreme Court of Arizona held that, although a crime with a maximum term of incarceration of six months normally would be considered a petty offense, the total penalty was "so harsh" as to take the crime out of the petty offense category. *Rothweiler v. Superior Court of Pima,* 100 Ariz. 37, 410 P.2d 479, 484 (1966). The Court noted that an automobile is a necessary adjunct to earning a living and that:

> Thus, the power to suspend the right to use the public highways should be protected by the fundamental individual right of a trial by jury where timely demanded.

*Id.* at 484. Further, the Arizona Supreme Court found that driving while intoxicated was a serious offense because the act was repugnant to the moral sense of the community. *Id.* at 484.

For these same reasons, the Supreme Court of South Dakota held in *Parham v. Municipal Court,* 199 N.W.2d 501, 504–05 (S.D.1972), that driving while intoxicated was a serious offense entitling the defendant to a jury trial.

At the time of the proceedings involving the petitioner, conviction under the municipal ordinance carried a maximum penalty of a Five Hundred Dollar fine and six months incarceration, with a mandatory three day sentence. Further, the convicted defendant's license was subject to suspension or revocation. Additional collateral consequences attendant to conviction on the charge included license suspension unless the convicted defendant immediately presented and maintained for a period of three years thereafter proof of financial responsibility with respect to all motor vehicles registered in the name of that person as well as six points toward a twelve point mandatory suspension of driving privileges. Ohio Revised Code §§ 4509.31, 4507.40.

█ It is the opinion of this Court that conviction in Ohio on a charge of operating a motor vehicle under the influence of alcohol may have a substantial impact not only upon the defendant's liberty, but upon his financial resources, travel and occupation as well. Because of the consequences of conviction, the offense cannot be said to be petty from the perspective of either the convicted defendant or the public. The crime is a serious offense and one in which this petitioner had a federal constitutional right to trial by jury.

WHEREUPON, the Court determines that the petition is meritorious. IT IS HEREBY ORDERED THAT the writ of habeas corpus shall issue within thirty days of this order. Should the respondent appeal the decision of this Court, however, the writ shall issue within thirty days of final judgment on appeal.