Jose JUSTINIANO MATOS, Plaintiff,

v.

Juan GASPAR RODRIGUEZ, Head Marshal of the Superior Court of Puerto Rico, San Juan Part, Defendant.

Civ. No. 824–73.

United States District Court,
D. Puerto Rico.

Dec. 3, 1976.

As Amended Dec. 8, 1976.

Santos P. Amadeo, Río Piedras, P. R., for plaintiff.

Secretary of Justice, San Juan, P. R., for defendant.

## OPINION AND JUDGMENT

PESQUERA, District Judge.

Petitioner in the present action was convicted for a violation of Section 5–201 of the Vehicle and Traffic Act, 9 LPRA 871 (reckless driving) and sentenced to pay a fine of $400 or undergo imprisonment for ninety days. At the arraignment petitioner pleaded not guilty and requested trial by jury, which was denied by the presiding judge. On appeal to the Supreme Court of Puerto Rico he raised the same issues presented herein and his appeal was denied.

Petitioner alleges that he was entitled to be tried by a jury under the Sixth Amendment to the Constitution of the United States, as applicable to Puerto Rico, since he could have been sentenced to hard labor under Rule 174 of the Rules of Criminal Procedure, 34 LPRA App. II or set to serve a prison term in the penitentiary under 34 LPRA 1023. It is also alleged that the Legislature of Puerto Rico, when it lowered the maximum penalty for misdemeanors to

six months imprisonment or a $500 fine [1] to make them petty offenses, neglected to change the aforementioned provisos, thus allowing the violations to remain "infamous" crimes which must be tried before a jury.

## I

■ The federal right to a jury trial in prosecutions under the laws of Puerto Rico has been held to apply in this jurisdiction just as it does in the states of the Union. *Báez Cintrón v. Rios Albarrán,* DCPR, Civil No. 272–73, and others. We need not decide at this point the exact source of such right, nor the present status of *Balzac v. Porto Rico,* 258 U.S. 298, 42 S.Ct. 343, 66 L.Ed. 627 (1922), as plaintiff requests. See *Sánchez Torres v. Delgado,* No. 74–1316 (1 Cir.), Feb. 10, 1975; *Montalvo v. Colón,* 377 F.Supp. 1332 (1974); and *Fournier v. González* (1 Cir.) 1959, 269 F.2d 26, where these matters were dealt with in a more extensive manner.

## II

Plaintiff avers that the aforementioned right to trial by jury applies in offenses which, although classified as misdemeanors by state legislatures, fall within the realm of "serious offenses" under the doctrine established by cases such as *District of Columbia v. Colts,* 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930), *U. S. v. Moreland,* 258 U.S. 433, 42 S.Ct. 368, 66 L.Ed. 700 (1922), *Duke v. U. S.,* 301 U.S. 492, 57 S.Ct. 835, 81 L.Ed. 1243 (1937), *Ex parte Wilson,* 114 U.S. 417, 5 S.Ct. 935, 29 L.Ed. 89 (1885) and *Callan v. Wilson,* 127 U.S. 340, 8 S.Ct. 1301, 32 L.Ed.2d 223 (1887).

The criteria for ascertaining whether an offense is such that it may be deemed "petty" and therefore not requiring trial by jury under the Sixth Amendment were expressed in *District of Columbia v. Clawans,* 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937). At that time, the Court found that the penalty to be imposed was an important consideration, but in addition the offense should not be the type which was indictable under the common law and should have an inoffensive moral quality. As a guide to reach a decision, the deliberate judgment of the legislature was said to be important, specifically when it imposed a punishment which was not too great to be summarily administered.

In the present case plaintiff, in being charged with the offense of reckless driving, allegedly underwent the risk of being sentenced to hard labor under Rule 174 of the State Rules of Criminal Procedure, 34 LPRA App. II, which provides:

"In all cases of conviction for felony, the court shall attach to the sentence of imprisonment a provision that such imprisonment be at hard labor. In cases of convictions for misdemeanors, the court may attach to the sentence of imprisonment a similar provision, if said imprisonment is for more than ninety days."

Moreover, under 34 LPRA 1023, the Secretary of Justice is empowered to designate, subject to the term of reclusion fixed by the trial court, the proper institution for the confinement of convicts.

Taking his cue from the portion of *District of Columbia v. Clawans, supra,* which excludes from the category of petty offenses those which were indictable under the common law, counsel for petitioner

---

1. Act No. 9 of July 7, 1971, 34 LPRA 1712 reads:

"Maximum penalties for misdemeanor; exception; repeals

(a) In every misdemeanor entailing a term in jail, the imprisonment shall not exceed six (6) months, except in case of any violation of section 203, subsection 2 of the Penal Code of Puerto Rico, section 635 of Title 33, which shall continue to be the same.

(b) In every misdemeanor entailing a fine, same shall not exceed five hundred dollars.

(c) Any provision of the Penal Code of the Special Laws of Puerto Rico relative to the penalty for misdemeanor and inconsistent with the provisions of this section is hereby repealed."

34 LPRA 1712 is applicable to the violation in question since 9 LPRA 871 (5–201) provides for imprisonment in jail, thus making its violation a misdemeanor.

Regarding the classification of crimes, see 33 LPRA 3044, 3045.

gives examples of very old cases which held that when hard labor or a term in the penitentiary was imposed, the crime was "infamous" under the "grand jury" clause of the Fifth Amendment and had to be prosecuted by indictment. See *U. S. v. Moreland, Duke v. U. S., Ex parte Wilson* and *Callan v. Wilson,* cited above. We believe such an argument, as applicable in this case, has been rendered anachronic by more recent opinions. As was cited in *U. S. v. Neve,* 357 F.Supp. 1 (1973) from *Ex parte Wilson, supra,* 114 U.S. at 427, 5 S.Ct. at 940:

> "What punishments shall be considered as infamous may be affected by the changes of public opinion from one age to another."

Certainly, hard labor or penitentiary reclusion are not correspondent to work in the stocks or other eighteenth century punishments which were then considered reasonable. See *Ex parte Wilson, supra,* 114 U.S. at pp. 427–28, 5 S.Ct. 935. Moreover, the standards for determining infamous crimes have been held to be applied pragmatically rather than mechanically, with realistic appreciation of the manner in which a particular form of punishment is presently viewed by the community. See *Harvin v. United States,* 445 F.2d 675 (1971), where a prosecution for unlawful entry which carried punishment by imprisonment not to exceed six months was held not be an "infamous crime", notwithstanding that the defendant could have been imprisoned for up to six years under the Youth Corrections Act. It was stated therein:

> "A sentence under the Youth Corrections Act, in this case following conviction of a misdemeanor, is not a reflection by the legislature of the seriousness of that offense. Resort by the sentencing judge to the Youth Corrections Act was not to punish Harvin for the misdemeanor; it was to carry out the congressional purpose represented by the Act—to serve the interests of society and of selected youth offenders in preference to the statutory sentence for the misdemeanor."
>
> (*Harvin,* at p. 678)

The provisos for "hard labor" and imprisonment in the penitentiary contained in Rule 174 and 34 LPRA 1023 have been modified and rendered meaningless not only in Puerto Rico, but also in the federal jurisdiction. Under 18 U.S.C. § 1(3), offenses in the federal jurisdiction are defined as "petty" solely on the basis of the possible maximum penalty. In the "Revisor's Notes", 18 U.S.C. § 1, pp. 4150, 4151 it is stated that "imprisonment" was substituted for "confinement in a common jail," since now, under 18 U.S.C. § 4082 the place of confinement is designated by the Attorney General of the United States. In addition, the words "without hard labor" were omitted as obsolete in view of 18 U.S.C. § 4082 (commitment by the Attorney General) and Sections 4001 and 4121 which make all federal prisoners subject to whatever discipline may be prescribed in the prison to which they are committed.

Similarly, the provision for hard labor under 34 LPRA App. II Rule 174, derived from the 1935 Code of Criminal Procedure, Section 324, 34 LPRA Section 966 was rendered meaningless by 34 LPRA 1021, 1022, and 1023, which integrated the penal institution system in Puerto Rico under the care of the Secretary of Justice, who was to establish a system of discipline, care and treatment of inmates pursuant to certain norms: the rehabilitation of convicts, the protection of society and a better administration of justice. The aforementioned sections were in turn repealed by Act No. 116 of July 22, 1974, 4 LPRA 1101 et seq. which created the Corrections Board with the purpose of administering an integral system of corrections. Said Board was empowered to structure public policy in the area of penal corrections and rehabilitation of convicts. Furthermore, the inoperative provisions of the old penal code which defined felonies and misdemeanors in terms of the place of imprisonment have been repealed by Article 12 of the present Penal Code.

■ Accordingly, the alleged possibility of imprisonment in a penitentiary or imposition of hard labor cannot be said to be a part of the punishment for a particular

offense, as plaintiff seems to allege. These provisions are part of the legislative mandate for a better administration of the penal system and for the rehabilitation of convicts.

### III

Plaintiff's second argument is based in the rationale exposed in *District of Columbia v. Colts* (1930) 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 and *Callan v. Wilson* (1889) 127 U.S. 340, 8 S.Ct. 1301, 32 L.Ed.2d 223 wherein the nature of the offense was held to be the determinative factor concerning the right to trial by jury. In *Colts, supra,* the Court said:

"Whether a given offense is to be classed as a crime, so as to require a jury trial, or as a petty offense, triable summarily without a jury, depends *primarily* upon the nature of the offense." (emphasis ours)

As with the case of *District of Columbia v. Clawans, supra,* this argument is now inapposite. In the more recent cases, where it has examined whether particular offenses are petty or not for purposes of the right to trial by jury, the Supreme Court has emphasized, over all other criteria, the severity of the maximum sentence possible. This search for an objective criterion can be found in *Cheff v. Schnackenberg,* 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966) where the Court stated that a criminal contempt sentence of up to six months in jail was allowable without a jury trial and as such would be a petty offense.

In *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) the Court more clearly emphasized the penalty authorized over the other criteria: "But the penalty authorized for a particular crime is of major relevance" in determining if the crime is serious (*Duncan, supra,* at p. 159, 88 S.Ct. at p. 1453). The penalty is taken as a "gauge of its [the society] social and ethical judgments" (*Duncan, supra,* p. 160, 88 S.Ct. at p. 1453). The ultimate definition is said to fall on the courts. They must consider, in addition to legislative definition, the objective criteria of length of prison term or

other punishment. The Supreme Court then notes that the criterion for crimes in the federal jurisdiction is the length of the maximum sentence: six months imprisonment or $500 fine.

In *Frank v. U. S.,* 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969) the Court reiterated the importance of the severity of the maximum sentence and disregarded the possibility of an extended period of probation as a criterion for concluding that an offense was serious. It concluded that of the objective indicators, the most important is the severity of the sentence. In cases where the maximum penalty has been provided for in a statutory manner, the legislature has been said to *include within the penalty imposed a statement about the seriousness of the offense.*

Plaintiff contends that the doctrine of *Duncan v. Louisiana, supra,* draws the line for purposes of right to trial by jury in terms of the penalty, but keeps a door open, when it states:

"Crimes carrying possible penalties up to six months do not require a jury trial *if they otherwise* qualify as petty offenses."

From the above cited phrase we are asked to hold that even if the maximum penalty at stake in this case was six months imprisonment and/or a $500 fine, the offense of reckless driving otherwise qualifies as a *serious* offense under *District of Columbia v. Colts, supra,* and thus requires trial by jury. We reject this conclusion as advanced by plaintiff, when we examine the case of *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). There, the Supreme Court finally establishes the maximum penalty as the only objective criterion. While citing *District of Columbia v. Clawans, supra,* the Court examined the existing laws and practice throughout the nation and concluded:

"This near uniform judgment of the nation furnishes us with the *only objective criterion* by which a line could ever be drawn—on the basis of the possible penalty *alone*—between offenses that are and that are not regarded as 'serious' for purposes of trial by jury." Footnote

omitted, p. 72, 90 S.Ct. at p. 1890. (emphasis added)

The Court went on to state:

"Where the accused cannot possibly face more than six months imprisonment, we have held that these disadvantages, serious though they may be, may be outweighed by the benefits that result from speedy and inexpensive non jury adjudication."

It is thus clear that the doctrine of *District of Columbia v. Colts, supra,* wherein primary importance was given to the nature of the offense, is no longer applicable. Furthermore, we may not infer that the particular modality of reckless driving for which plaintiff was convicted is *malum in se.* At the present day, all men and women travel much more rapidly than was possible in the eighteenth century.

This change in times, and the concomitant difficulty in ascertaining which modern offenses were of a serious nature under the common law is what has persuaded the Supreme Court to look for an objective criterion. Said criterion was finally stated in *Baldwin v. New York, supra.* Accordingly, we are precluded from entering into the nature of the particular offense at stake.

In view of the foregoing, the petition of habeas corpus is hereby denied.