**UNITED STATES of America**

v.

**William John MORRISON.**

**No. K–76–0649.**

United States District Court, D. Maryland.

Jan. 17, 1977.

Jervis S. Finney, U. S. Atty., Daniel F. Goldstein, Asst. U. S. Atty., Baltimore, Md., for U. S. A.

William John Morrison, pro se.

FRANK A. KAUFMAN, District Judge.

The defendant is charged with operating within the federal reservation at Fort Meade, Maryland, a motor vehicle at a speed of 25 miles per hour, in excess of the posted speed limit of 15 miles per hour and thus in violation of 18 U.S.C. §§ 7 and 13 and Md.Ann.Code art. 66½, § 11–801 (1957). The offense is punishable by a fine not to exceed $500. Md.Ann.Code art. 66½, § 17–101(b) (1976 Cum.Supp.). No penalty other than a fine may be imposed for such violation. The defendant, having been advised of his right to be represented by counsel by both this Court and one of its Magistrates, and also having been advised of his right to have counsel appointed for him without expense to him if he could not afford to retain counsel, has stated to the Magistrate and also to this Court that he can afford to retain counsel, does not desire to do so, and desires to represent himself. The defendant, having been also advised by the Magistrate and by this Court of his right to trial in this Court, has elected to have this case tried not by the Magistrate but before a Judge of this Court. The defendant has also demanded a jury trial. That demand is opposed by the Government. Questions arise as to whether the defendant is entitled to a jury trial, and if not, whether this Court possesses and should exercise the discretion to grant the defendant's jury demand in any event.

The offense in this case is a "petty offense." 18 U.S.C. § 1(3). It is not a "minor offense." 18 U.S.C. § 3401(f). *See also* Rule 54(c) of the Federal Rules of Criminal Procedure.

The Rules of Procedure for the Trial of Minor Offenses Before United States Magistrates (hereinafter "Magistrates Rules"), as presently in force and effect, became effective January 27, 1971. They were promulgated pursuant to the provisions of 18 U.S.C. § 3402 which provide in part:

The Supreme Court shall prescribe rules of procedure and practice for the trial of cases before magistrates and for taking and hearing of appeals to the judges of the district courts of the United States.

Rule 2 of the Magistrates Rules is entitled "Minor Offenses Other Than Petty Offenses". Rule 3 thereof is entitled "Petty Offenses". Rule 2(b) provides:

*Appearance.* Upon the defendant's appearance, the magistrate shall inform him of the complaint or information against him and of any affidavit filed therewith, of his right to retain counsel, of his right *to request the assignment of counsel if he is unable to obtain counsel,* and the general circumstances under which he may secure pretrial release. *The magistrate shall also explain to the defendant that he has a right to trial before a judge of the district court and a jury* and, if the prosecution is on a complaint, that he has a right to have a preliminary examination before the magistrate unless he consents to be tried before the magistrate. [Emphasis added.]

Rule 3(b) provides:

*Consent; Arraignment.*

*The magistrate shall state to the defendant the charge against him and shall inform the defendant of his right to counsel and to a trial in the district court.* If the defendant signs a written consent to be tried before the magistrate which specifically waives trial before a judge of the district court, the magistrate shall take the defendant's plea to the charge. The defendant may plead not guilty, guilty or, with the consent of the magistrate, *nolo contendere.* If the defendant pleads not guilty, the magistrate shall either conduct the trial immediately or fix a time for the trial, giving due regard to the needs of the parties to consult with counsel and to prepare for the trial. [Emphasis added.]

Prior to the revision of the Magistrates Rules in 1971, their predecessors contained different language. Thus, as noted in *United States v. Bishop,* 261 F.Supp. 969, 972 (N.D.Cal.1966), Magistrates Rule II, 311

U.S. 733, 734 (1940), which was adopted January 6, 1941 to become effective February 1, 1941, provided *inter alia* that the trial before a Commissioner "shall be conducted as are trials of criminal cases in the District Court by a District Judge in a criminal case where a jury is waived." On May 19, 1969, the Supreme Court adopted new rules relating to trials of minor offenses under 18 U.S.C. §§ 3401, 3402 by federal magistrates and to appeals therefrom. 395 U.S. 989 (1969). *See* Rule 1 entitled "Scope". Rule 5(c) of those 1969 Rules provided in part:

> *Minor offenses.* If the charge against the defendant is a minor offense triable by the United States magistrate under 18 U.S.C. § 3401, the United States magistrate shall carefully explain to the defendant that he has a right to trial in the district court, and shall not proceed to call upon the defendant to plead or try the case unless the defendant, after such explanation, signs a written consent to be tried before the United States magistrate that specifically waives both a trial before the district court and any right to trial by jury that he may have. * * *

The 1969 rules remained in effect until the 1971 rules were promulgated.

There seemingly are no published committee reports or reporters' notes which comment upon the 1941, 1969, and 1971 rules. The 1971 rules were, however, adopted by the Supreme Court over the dissent of Mr. Justice Black, joined by Mr. Justice Douglas. 400 U.S. 1029, 1031 (1971).[1] In his dissent Mr. Justice Black wrote (at 1031–33):

> Under these Rules, the constitutional rights of trial by jury and appointment of counsel for indigents appear to depend upon whether a defendant is charged with a "minor offense" or a "petty offense." Yet the Rules do not even purport to define these vague terms "minor

offense" and "petty offense" that determine whether a defendant will be accorded these basic constitutional protections. In my view, the Court's action impairs the constitutional rights to jury trial and counsel and hence it is both unwise and unconstitutional.

> Rule 2 provides that the magistrate shall inform a defendant charged with a minor offense *other than a petty offense* "of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel." And that Rule requires that such defendants must waive "trial before a judge of the district court and a jury" before the magistrate can conduct the trial. The provisions for trial of "petty offenses" are strikingly different. Rule 3 provides that a defendant charged with a petty offense shall be informed simply of his "right to counsel." And it requires waiver only of trial before "a judge of the district court." Thus *these Rules appear to safeguard the rights of trial by jury and assignment of counsel for "minor offenses," but not for "petty offenses." By strong negative pregnant they suggest there exists no right to jury trial or assigned counsel for "petty offenses."* This is especially disturbing since the Rules nowhere define the term "petty offense." [First emphasis in original; second emphasis added.]

> Even though the Rules themselves do not suggest it, we may be expected to look to the United States Code to ferret out what the authors mean by a "petty offense." Title 18 U.S.C. § 1(3) provides:

> > "Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

> If this definition is taken as a guide, the Rules present serious constitutional prob-

---

1. In 1969, Mr. Justice Black cast no vote with regard to the rules. 395 U.S., *supra* at 990. In his 1971 dissent, Mr. Justice Black noted (400 U.S., *supra* at 1034–35):

    Wholly aside from the dilution of specific Sixth Amendment guarantees, I doubt the Court has the power to prescribe the kind of

rules it does today, as I have made clear on previous occasions when the Court approved amendments to the Federal Rules of Civil and Criminal Procedure. See 383 U.S. 1032 (1966); 374 U.S. 865 (1963); 368 U.S. 1012 (1961). * * *

lems under the previous decisions of this Court. Title 18 defines "petty offense" solely in terms of the maximum punishment. But this Court has held that even when a statute provides only light sanctions a defendant is entitled to a jury trial when the offense is regarded as serious by the community. In *District of Columbia v. Colts,* 282 U.S. 63 [51 S.Ct. 52, 75 L.Ed. 177] (1930), a defendant was convicted of driving recklessly "so as to endanger property and individuals." The relevant statute provided for punishment by not more than a $100 fine or 30 days' imprisonment. Despite this light penalty, the Court concluded that a jury trial was required because the offense was *malum in se* and one of "obvious depravity." *Id.,* at 73 [51· S.Ct. 52]. It is true that the Court held last year in *Baldwin v. New York,* 399 U.S. 66 [90 S.Ct. 1886, 26 L.Ed.2d 437] (1970), that offenses punishable by more than six months' imprisonment required jury trials irrespective of other criteria of seriousness. But *Baldwin* did not overrule *Colts.* The plurality opinion there noted:

> "In this case, we decide only that a ·potential sentence in excess of six months' imprisonment *is sufficiently severe by itself* to take the offense out of the category of 'petty.'" 399 U.S. at 69 n.6 [90 S.Ct. at 1888]. [Emphasis added by Mr. Justice Black.]

As Mr. Justice Black stated, the language of Rules 2 and 3 in their 1971 edition does ·indeed combine negatively to indicate strongly that as to "petty offenses" the defendant is not given the right to a jury trial.

In *District of Columbia v. Colts,* 282 U.S. 63, 73, 51 S.Ct. 52, 75 L.Ed. 177 (1930), the defendant was "not charged merely with the comparatively slight offense of exceeding the 22-mile limit of speed, * * * or merely with driving recklessly, * * * but with the grave offense of having driven at the forbidden rate of speed and recklessly, 'so as to endanger property and individuals.'" 282 U.S. *supra* at 72, 51 S.Ct. at 53. Referring to the jury trial provision of art.

3, § 2, cl. 3 of the Constitution, Mr. Justice Sutherland further wrote (at 72–73, 51 S.Ct. 52 at 53) that it is "settled" "[t]hat there may be many offenses called 'petty offenses' which do not rise to the degree of *crimes* within the meaning of article 3, and in respect of which Congress may dispense with a jury trial * * *." Continuing, the Justice stated (at 73, 51 S.Ct. at 53):

> Whether a given offense is to be classed as a crime, so as to require a jury trial, or as a petty offense, triable summarily without a jury, depends primarily upon the nature of the offense. The offense here charged is not merely malum prohibitum, but in its very nature is malum in se. It was an indictable offense at common law, *United States v. Hart,* Pet. C.C. 390, 392, Fed.Cas.No.15,316, when horses, instead of gasoline, constituted the motive power. The New Jersey court of errors and appeals, in *State v. Rodgers,* 91 N.J.L. 212, 214, 102 Atl. 433, supra, has discussed the distinction between traffic offenses of a petty character, subject to summary proceedings without indictment and trial by jury, and those of a serious character, amounting to public nuisances indictable at common law; and its examination of the subject makes clear that the offense now under review is of the latter character.

■ In *United States v. Bishop, supra,* the defendant was charged with entering a Naval Station for the purpose of violating a lawful regulation. Judge Sweigert held (at 971) that such an entry, a petty offense under 18 U.S.C. § 1382, was not *malum in se.* Accordingly, he held that the defendant had no constitutional right to a jury trial. However, he also concluded (at 975) that "as to those offenses which are not guaranteed a trial by jury by the Constitution a defendant is entitled to a jury trial *unless Congress has provided to the contrary.*" [Emphasis added]. This Court agrees for the reasons set forth in *Bishop* which will not be repeated herein. The status and effect of the Supreme Court decisions relied upon in *Bishop* have in no way been diminished by subsequent opinions of that Court. *See Taylor v. Hayes,* 418 U.S. 488, 495, 94

S.Ct. 2697, 41 L.Ed.2d 897 (1974); *Duncan v. Louisiana,* 391 U.S. 145, 158, 159–160, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Bloom v. Illinois,* 391 U.S. 194, 210, 211, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).[2]

Herein the petty offense is only *malum prohibitum,* not *malum in se.* 1 Anderson, Wharton's Criminal Law and Procedure § 26 (1957). Thus, the constitutional issue posed by any attempt to eliminate a jury trial in a petty offense case involving *malum in se* is not present. The defendant in this case is accordingly not constitutionally entitled to a jury trial. Further, since the 1971 Supreme Court rules, promulgated pursuant to a delegation of powers by the Congress in 18 U.S.C. § 3402, contain a "negative pregnant" (Mr. Justice Black's words), those rules reveal a specific intent to reject any such nonconstitutional entitlement. In the face of that intent it would be inappropriate for this Court to exercise its discretion, assuming *arguendo* only that this Court possesses the same, to grant the defendant's jury trial demand.

For the reasons set forth in this opinion, the defendant's demand for a jury trial is denied. This case will proceed to trial by this Court sitting without a jury.

**2.** See also the cases discussed and cited in *Bishop* at 975–76.