**UNITED STATES of America**

v.

**William THOMAS, Defendant.**

**Crim. No. 83–00186.**

United States District Court, District of Columbia.

Nov. 28, 1983.

Stanley S. Harris, U.S. Atty., John D. Bates, Charles H. Roistacher, Asst. U.S. Attys., Washington, D.C., for U.S.

Sebastian K.D. Graber, Alexandria, Va., for defendant.

## REVISED MEMORANDUM

OBERDORFER, District Judge.

Defendant demands a jury trial. His demand is well-taken. Pretrial hearings have established that defendant has been spending full time near the White House expressing a protest on a public matter. In the course of his protest, he allegedly placed on the White House sidewalk a symbolic cardboard object of the shape and size of a Pershing missile on which some words were painted.

The government alleges that defendant's "missile" was a "structure" whose placement on the White House sidewalk violated an Interior Department regulation, 36 C.F.R. § 50.19(e)(8)(i). The United States Code, title 16, section 3, makes the violation of that regulation a crime punishable by a fine of "not more than $500 or imprisonment for not exceeding six months or both."

■ A defendant charged with a petty crime is not entitled to a jury trial. The Supreme Court established in *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), however, that there is a clear right to a jury trial of a criminal charge punishable by a penalty of imprisonment for more than six months. Moreover, *Baldwin* left standing earlier decisions that honor a demand for a jury trial when the maximum sentence would be six months or less if other special circumstances are present such that the crime would not be considered petty. *See District of Columbia v. Clawans*, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937); *District of Columbia v. Colts*, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930).

There is a special circumstance in this case because of its First Amendment implications.[1] The defendant claims that the alleged "structure" was a symbol which nonviolently expressed his views on a critical public issue. The factfinder must determine, among other issues of fact, whether defendant's missile is a structure as defined in the regulation, or is something else. If the factfinder rules against defendant on that element and the other elements of the offense, that decision could have a chilling effect on a variety of future protest activities by defendant and others. This is a serious collateral effect, which may distinguish the crime charged here from the petty.

■ More directly, incarceration would both detain defendant and, for its duration,

---

1. Moreover, if the government counters that the alleged structure is a threat to the President or the White House, they will have difficulty maintaining their claim that the crime charged is petty.

silence his protest.[2] In a sense, the defendant's alleged conduct has two elements: one proscribed and one constitutionally protected. Confinement as punishment for the proscribed element would spill over onto the constitutionally protected element. The risk to the constitutionally protected conduct inherent in the sanction imposable for the proscribed conduct escalates the crime from the petty to one for which a jury trial should be available to a defendant who demands one.[3]

 Defendant's jury trial demand resembles the jury trial demand honored in *United States v. Craner*, 652 F.2d 23 (9th Cir.1981). Craner was convicted in a bench trial for a violation of an Interior Department regulation, issued under 16 U.S.C. § 3, which proscribes driving under the influence of alcohol while in a National Park. Conviction for such an offense not only subjected the defendant to six months incarceration but also put at risk his California driver's license. The maximum fine and imprisonment fell just below the thin line above which a jury trial is automatically required by *Baldwin;* the added risk of loss of a driver's license persuaded the Court of Appeals that the charge was not petty and that the defendant's demand for a jury trial should be granted. So here, if defendant were incarcerated, he would lose both his liberty and what is in effect a constitutionally protected license to maintain his ongoing protest.[4] The exposure of defendant to punishment not exceeding six months plus the impairment of defendant's ongoing protest activity indicate that the crime charged is not petty and that a jury trial is in order.[5]

\* \* \* \* \* \*

■ Defendant has also moved to dismiss on the ground that the structure regulation on its face violates the First Amendment; that, as applied, the regulation constitutes an unconstitutional delegation of legislative power, and that the government has indulged in selective prosecution. The government has satisfactorily responded to the First Amendment contentions.[6] Whether the defendant knew or should have known that the "missile" that he placed on the White House sidewalk was a structure within the meaning of this regulation is for the trier of fact and the government has already proposed an instruction on the issue. The Court has already ruled on the selective prosecution issue.[7] The claim of unconstitutional delegation was disposed of by the Supreme Court in *United States v. Grimaud*, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563 (1911); *see also United States v. Brown*, 552 F.2d 817, 823 n. 8 (8th Cir.), *cert. denied*, 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977). Accordingly, the motion to dismiss will be denied.

---

2. The government's opposition to defendant's motion to suppress suggests that the government considers the alleged structure to be forfeitable. *See* Government's Points and Authorities in Opposition to Defendant's Motion to Suppress and for Return of Property at 2. For reasons stated by the government, the motion to suppress will be denied, without prejudice to defendant's defense to any final forfeiture.

3. [T]he primary purpose of the jury is to prevent the possibility of oppression by the Government; the jury interposes between the accused and his accuser the judgment of laymen who are less tutored perhaps than a judge or panel of judges, but who at the same time are less likely to function or appear as but another arm of the Government that has proceeded against him.

*Baldwin v. New York*, 399 U.S. at 72, 90 S.Ct. at 1890 (White, J.) (footnote omitted).

4. *Compare White House Vigil for the ERA Comm. v. Watt*, 717 F.2d 568 (D.C.Cir.1983).

5. Counsel for the government has submitted instructions; none has been received from the defendant. The accompanying Order will require submission of proposed instructions on or before November 10, 1983.

6. *See* Government's Points and Authorities in Opposition to Defendant's Motion to Dismiss Information at 5–13.

7. *See* Memorandum and Order (Oct. 26, 1983).