**UNITED STATES of America**

v.

**Stephen SEMPLE.**

**Crim. Nos. 87–0193, 87–0194.**

United States District Court,
District of Columbia.

June 5, 1987.

Linda Chapman, Asst. U.S. Atty., Washington, D.C., for U.S.

Nina Kraut, Washington, D.C., for defendant.

## MEMORANDUM–ORDER

GASCH, District Judge.

Defendant Stephen Semple is charged with violating the provisions of 36 C.F.R. § 7.96(i)(1) on successive days. This regulation proscribes camping in Lafayette Park. He seeks trial by jury. His counsel's theory is that he is subjected on each charge to a maximum penalty of $500 or imprisonment for not more than six months, or both, plus an obligation to pay costs of the proceeding.

Whether defendant is entitled to trial by jury depends on whether defendant is charged with a petty offense or a crime (Art. III § 2 and amendment 6 to the Constitution). Ordinarily, imprisonment for a period not to exceed six months is regarded as a penalty for a petty offense, 18 U.S.C. § 1(3), for conviction of which one would not be entitled to trial by jury. *Cheff v. Schnackenberg*, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). Cheff had been convicted of contempt for violation of a *pendente lite* order of the Court of Appeals. He had demanded trial by jury, which was denied. A sentence of six months was imposed.

Cheff's argument is unavailing, for we are constrained to view the proceedings here as equivalent to a procedure to prosecute a petty offense, which under our decisions does not require a jury trial. Over 75 years ago in *Callan v. Wilson*, 127 U.S. 540, 557 [8 S.Ct. 1301, 1307, 32 L.Ed. 223] (1888), this Court stated that "in that class or grade of offences called petty offences, which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose," a jury trial is not required. And as late as 1937 the Court reiterated in *District of Columbia v. Clawans*, 300 U.S. 617, 624 [57 S.Ct. 660, 661, 81 L.Ed. 843], that: "It is settled by the decisions of this Court ... that the right of trial by jury ... does not extend to every criminal proceeding. At the time of the adoption of the Constitution there were numerous offenses, commonly described as 'petty,' which were tried summarily without a jury...." See also *Natal v. Louisiana*, 139 U.S. 621 [11 S.Ct. 636, 35 L.Ed. 288] (1891); *Lawton v. Steele*, 152 U.S. 133, 141–42 [14 S.Ct. 499, 502–503, 38 L.Ed. 385 (1894); *Schick v. United States*, 195 U.S. 65, 68–72 [24 S.Ct. 826, 827–828, 49 L.Ed. 99] (1904); *District of Columbia v. Colts*, 282 U.S. 63, 72–73 [51 S.Ct. 52, 53, 75 L.Ed. 177] (1930). Indeed, Mr. Justice Goldberg, joined by The Chief Justice and Mr. Justice Douglas, took the position in his dissenting opinion in *United States v. Barnett, supra*, [376 U.S. 681] at 751 [84 S.Ct. 984, 1018, 12 L.Ed.2d 23], that "at the time of the Constitution all types of 'petty' offenses punishable by trivial penalties were generally triable without a jury...."

*Cheff v. Schnackenberg, supra*, 384 U.S. at 379, 86 S.Ct. at 1525. In a subsequent contempt case, *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the Supreme Court observed:

In determining whether the length of the authorized prison term or the seriousness of other punishment is enough in itself to require a jury trial, we are counseled by *District of Columbia v. Clawans, supra*, to refer to objective criteria, chiefly the existing laws and practices in the Nation. In the federal system, petty offenses are defined as those punishable by no more than six months in prison and a $500 fine....

*Duncan v. Louisiana, supra*, 391 U.S. at 161, 88 S.Ct. at 1453 (footnote omitted). One of the cases mentioned both in *Cheff* and *Duncan* was *District of Columbia v. Clawans*, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937). In that case defendant had been convicted of engaging, without a license, in the business of selling second-hand personal property. She had demanded a jury trial but had been convicted in the Police Court of the District of Columbia by a judge thereof and sentenced to pay a fine of $300 or to be confined in jail for sixty days. The Supreme Court was troubled by the curtailment of cross-examination of the witnesses called to testify for the govern-

ment and, accordingly, remanded the case for retrial but specified trial without a jury.

In an attempt to circumvent the consequences of 18 U.S.C. § 1(3) and the *Cheff* case, counsel argues that the penalty for each violation may be as much as six months plus a fine of $500. Under existing law in the District of Columbia, which is binding on the Court, penalties may not be cumulated in an effort to exceed the six-month period that normally characterizes punishment for petty offenses. *Scott v. District of Columbia*, 122 A.2d 579 (D.C. Mun.App.1956); *Savage v. District of Columbia*, 54 A.2d 562 (D.C.Mun.App.1947).

Counsel has emphasized that the defendant has the constitutional right to be present in Lafayette Park in connection with his demonstration against the use of nuclear arms and that this right extends for a period of 24 hours a day. Defendant relies on *United States v. Thomas*, 574 F.Supp. 197 (D.D.C.1983), for the proposition that, if one were incarcerated he would lose both his liberty and what is in effect a constitutionally protected license to maintain his ongoing protest. It is important to note that the *Thomas* case is factually distinguishable, it was brought under another section of the regulations,[1] and it was decided prior to the decision of the Supreme Court in *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984). The Supreme Court in *Clark* addressed the section of the regulations involved in this case and answered defendant's contention with respect to his alleged constitutional right to sleep symbolically in the Park.

> That sleeping, like the symbolic tents themselves, may be expressive and part of the message delivered by the demonstration does not make the ban any less a limitation on the manner of demonstrating, for reasonable time, place, or manner regulations normally have the purpose and direct effect of limiting expression but are nevertheless valid.... Neither does the fact that sleeping, *arguen-*

*do*, may be expressive conduct, rather than oral or written expression, render the sleeping prohibition any less a time, place, or manner regulation. To the contrary, the Park Service neither attempts to ban sleeping generally nor to ban it everywhere in the parks. It has established areas for camping and forbids it elsewhere, including Lafayette Park and the Mall. Considered as such, we have very little trouble concluding that the Park Service may prohibit overnight sleeping in the parks involved here.

*Clark v. Community for Creative Non-Violence, supra,* 468 U.S. at 294–95, 104 S.Ct. at 3069–70 (citations omitted). To demonstrate that defendant may bear collateral consequences comparable to those mentioned by the Ninth Circuit in *United States v. Craner*, 652 F.2d 23 (9th Cir. 1981), counsel points out that, although the same penalty provision for the park regulations in *Craner* was involved, nevertheless, the Ninth Circuit concluded that a jury trial was warranted. After discussing the offense charged in that case, particularly that one charged with driving while under the influence of liquor might lose his license, the Ninth Circuit stated the basis for its grant of a jury trial:

> At least seven of the states in this Circuit guarantee the DUI defendant the right to a jury trial. This is a better objective gauge of the common perception of the gravity of the offense than the broad formula for classifying crimes found in 18 U.S.C. § 1. It accords with the relevant state and federal practice that Craner have the jury trial he seeks.

*United States v. Craner, supra,* 652 F.2d at 27 (footnote omitted).

The regulation defendant is charged with violating was analyzed by the Supreme Court in *Clark v. Community for Creative Non-Violence, supra.* In that case, plaintiff sought an injunction against the enforcement of this regulation. The Court held that similar conduct charged under the

---

1. In note 4 of *Thomas,* the Court referred to *White House Vigil for ERA Committee v. Watt,* 717 F.2d 568 (D.C.Cir.1983), in which the Court, in discussing the "structures" regulation also involved in *Thomas* referred to the possible "lethal" use of the tubes. Here, there is no such aspect of the case. The offense here is clearly *petty.*

 

same Park Service regulation did not violate the first amendment. The Court stated:

> We have difficulty, therefore, in understanding why the prohibition against camping, with its ban on sleeping overnight, is not a reasonable time, place, or manner regulation that withstands constitutional scrutiny. Surely the regulation is not unconstitutional on its face. None of its provisions appears unrelated to the ends that it was designed to serve. Nor is it any less valid when applied to prevent camping in Memorial-core parks by those who wish to demonstrate and deliver a message to the public and the central Government. Damage to the parks as well as their partial inaccessibility to other members of the public can as easily result from camping by demonstrators as by nondemonstrators. In neither case must the Government tolerate it. All those who would resort to the parks must abide by otherwise valid rules for their use, just as they must observe the traffic laws, sanitation regulations, and laws to preserve the public peace. This is no more than a reaffirmation that reasonable time, place, or manner restrictions on expression are constitutionally acceptable.

*Clark v. Community for Creative Non-Violence, supra,* 468 U.S. at 297–98, 104 S.Ct. at 3071 (footnote omitted). It is noted that the Court specifically held that the rule against camping[2] or overnight sleeping in parks is not beyond the constitutional power of the government to enforce and that there is substantial government interest in conserving park property that is served by a proscription of sleeping. Since the penalties under the law of the District of Columbia cannot be cumulative and do not exceed six months, and since the proscription on sleeping in Lafayette Park has been sustained by the Supreme Court in *Clark v. Community for Creative Non-Violence, supra,* it is by the Court this 5th day of June, 1987,

ORDERED that defendant's motion for trial by jury be, and hereby is, denied.

---

**2.** It is noted that the regulation respecting camping mentions certain specific indicia of camping in the disjunctive, not the conjunctive, as assumed by counsel.